# WHEELING.

## MORGAN *v.* FLEMING, JUDGE.

Submitted March 22, 1884—Decided April 26, 1884.

.1 A bill of exceptions to the judgment of the trial-court granting or refusing a new trial, on the ground that the verdict is or is not warranted by the evidence, should *properly in every case* state *the facts proved* on the trial and *not the evidence.* (p. 195.)

2. If the bill is in form a certificate of the evidence and there is no inconsistency or conflict therein, the Appellate Court will re-

gard and treat it as the equivalent of a certificate of the facts. But if all the evidence is introduced by the exceptor, the Appellate Court will not review the action of the court below refusing a new trial. (p. 196.)

3. Where the bill, though *improperly*, states the evidence and not the facts, and the evidence is conflicting, the Appellate Court will not decline to consider it in a case in which, after rejecting all the conflicting parol evidence of the exceptor and giving full faith and credit to all the evidence of the exceptee, the decision of the trial-court still appears to be wrong. (p. 196.)

4. But where the evidence in such case is certified, and all the material evidence of the exceptor is parol and in conflict with that of the exceptee, so that when the exceptor's parol evidence is rejected, the action of the trial-court will appear to be plainly right, the Appellate Court will not consider such certificate or review the action of the trial-court. And when the evidence is of such character the trial-court cannot be required to certify either the facts or the evidence. (p. 196.)

5. If an inferior court erroneously refuses to sign a bill of exceptions to its judgment in granting or overruling a motion for a new trial, on the ground that the verdict is or is not warranted by the evidence, it may be compelled to do so by *mandamus* from the Appellate Court. But it will not be required to do so, unless the facts or the evidence, which it is alleged the court erroneously refused to certify, are set forth in the petition for the *mandamus* or in some proper manner brought before the Appellate Court, so that it may determine therefrom whether or not a *prima facie* case of error has been affirmatively made out. Otherwise the writ of *mandamus nisi* will not be awarded. (p. 198.)

The facts of the case are stated in the opinion of the Court.

*Berkshire & Sturgiss* for petitioner.

*P. H. Keck* for respondent.

SNYDER, JUDGE :

This is an original proceeding in this court by *mandamus.*

On December 15, 1883, Ellazan W. Morgan, by her counsel, presented to this Court her petition alleging, in substance that, in an action of trespass on the case pending in the circuit court of Monongalia county wherein she was plaintiff, and John H. Hoffman defendant, a trial was had at the June term, 1881, of said court and a verdict returned by the jury

in her favor for eight hundred and fifty dollars damages; that the defendant moved the court to set aside said verdict and award him a new trial on the ground that it was contrary to the evidence, which motion the court continued until the February term, 1882, when it was sustained, the verdict set aside and a new trial ordered; that she, petitioner, thereupon moved the court to certify the facts proven and also the evidence introduced on the trial, but the court refused to certify either the facts or the evidence upon the ground that the evidence was conflicting, and that she excepted to said action and refusal of the court, and the court certified that fact in a bill of exceptions which is made a part of the petition. The petition, also, avers "that the conflict in the evidence consists almost entirely in the testimony and denials of the defendant himself, and that the verdict was not only justified by the evidence but was overwhelmingly in favor of it." The prayer is, that a rule may issue to the judge of said circuit court to show cause why a writ of *mandamus* shall not issue against him to compel him to certify the evidence introduced by the parties respectively on the said trial, and that the said judge be required to certify the same so that petitioner may have the benefit thereof, that the proper process may issue, &c.

The petition was duly sworn to by the petitioner and on the said 15th day of December, 1883, a rule was awarded by this court directed to A. Brooks Fleming, judge of said circuit court, returnable, &c., requiring him to show cause, if any he can, why the peremptory writ of *mandamus* prayed for should not issue, &c. This rule was subsequently enlarged and made returnable to this court on March 8, 1884, and John H. Hoffman was also made a defendant therein. On the return day both defendants appeared by counsel and filed their respective answers to said rule and the petitioner demurred to the answer of said judge.

The answer of the judge states that he did sign one or more bills of exceptions tendered by the plaintiff in said action and that no bill of exceptions purporting to certify the evidence was presented to him for his signature or, so far as he knows, prepared by the counsel for the petitioner or any one else, but he admits that he stated to said counsel that he

would decline to certify either the facts or the evidence, because the evidence was contradictory and conflicting upon material points, and at the instance of the plaintiff's counsel he made the record show by a bill of exceptions that he so declined and refused. Respondent denies the allegation of the petition, "that the conflict in the evidence consisted almost entirely in the testimony and denials of the defendant himself, and that the verdict was not only justified by the evidence but was overwhelmingly in favor of it," and he avers that he set aside said verdict because according to his view of the evidence and the credibility to which it was entitled *pro* and *con* the verdict was unjust and wrong, and because he believed the weight of the evidence, considering the credibility of the witnesses, preponderated strongly in favor of the defendant.

On March 22, 1884, the respondents joined in the petitioner's demurrer to said answer and thereupon the cause was fully argued and submitted to the court for its decision.

Our Constitution confers upon this Court original as well as appellate jurisdiction in cases of *mandamus*—Art. 8, § 3. And our statute provides that if any judge refuse to sign a proper bill of exceptions he may be compelled to do so by the Appellate Court by *mandamus*—Acts 1882, ch. 120, § 9. The jurisdiction, therefore, of this Court and also the remedy of the petitioner by *mandamus* are plain and unquestionable —*Douglas* v. *Loomis, Judge, &c.*, 5 W. Va. 542. But neither the Constitution nor the statute prescribes the manner of obtaining the writ of *mandamus* nor the mode of proceeding under it. These, however, were fully considered and declared by this Court in the cases of *Fisher* v. *The city of Charleston*, 17 W. Va. 595, and *Fisher* v. *The Mayor of Charleston, Id.* 628. The rules and mode of proceeding defined in those cases are approved; and while there are irregularities in the case before us, we do not deem it necessary to notice or consider them, because none of the parties have made any objection to them on that account, but on the contrary they have all submitted the whole case to us on its merits. The demurrer of the petitioner to the answer of the judge will test and determine the sufficiency both of the answer and of the complaint or rule; because, if the latter is bad the demurrer which reaches back to the first fault in pleading will

comprehend it, and if it is not insufficient then the whole enquiry will be as to the sufficiency of the answer which admits the material allegation of the complaint—High on Ex. L. Rem., § 493.

The demurrer of the petitioner raises the legal enquiry whether or not, upon the facts stated in the petition and admitted by the answer, the action of the circuit court was erroneous? There can be no doubt at this day that a bill of exceptions lies properly to the opinion of the court granting or refusing a new trial upon the testimony. It was fully settled in Virginia long before the formation of this State and it has always been the law of this Court that such an opinion was subject to review by the Appellate Court. On this subject the decisions are uniform and unbroken. And the rule obtains not only when the motion is founded on the allegation that the verdict is contrary to the law arising upon the facts appearing in evidence before the jury, but also when it is founded on the ground that the verdict is plainly against the weight of the evidence. That such is the established law of this State is unquestionable—*Black* v. *Thomas*, 21 W. Va. 709. But the enquiry before us is not whether the Appellate Court has jurisdiction to review the action of the inferior court on these questions. The enquiry here is, have we the legal right to require such court to certify the evidence in a case in which it declines to do so on the ground that the evidence is conflicting and contradictory? This is not a new question, but, so far as I can discover, it has never been raised either in the court of appeals of Virginia or in this Court in the form it is now presented. The court of appeals of Virginia, beginning with *Bennett* v. *Hardaway*, 6 Munf. 125, decided in 1818, and continuously ever since, has uniformly held, whenever the subject was considered, that an exception to the action of the trial-court sustaining or overruling a motion for a new trial, upon the ground that the verdict was contrary to the evidence, must not state the evidence, but the facts proved on the trial. In the case just cited the court states that "the bill of exceptions ought not to state all *the evidence* given to the jury, but only. *the facts* appearing to the *court* to have been proved." For this conclusion the court in its opinion states these very cogent reasons: "It

does not follow that a judge believes every witness who gives evidence before him; as he may well hesitate to do so, from the manner of testifying, and other extraneous circumstances; nor can he do it when they conflict with one another.   It is evident, therefore, that in this case the opinion of this Court might be founded upon the testimony of witnessess who were discredited both by the jury and the court below.   This Court only sees the evidence on the record; and, on paper, the credit of every witness is the same, who is not positively impeached.   This would be for this Court not only to revise and reverse the opinion of the court below on a question touching the weight of evidence and the credit of the witnesses, but to do it in the dark or, at least, with lights inferior to those possessed by that court.   That court while it can faithfully transmit to this the actual words spoken by the witnesses, can give it no *fac simile* of the manner of testifying, the hesitation or partiality manifested on the trial, or the like.   With respect to these important circumstances, as they relate to the weight of testimony and credibility, this Court is entirely in the dark; the advantages are exclusively confined to the court of trial—6 Munf. 129.   The court, therefore, held that the bill of exceptions in that case, which certified the *evidence*, was not properly taken and furnished no ground for reversing the judgment.   It then proceeds to consider whether the appellate court would in such case "require the judge to state in a bill of exceptions the *facts as they appeared in evidence to him*."   It states that this presents a different question and then answers: "We are inclined to think it has been affirmatively settled by the admissions of this court and the practice of the country.   In that case, the exception is not liable to the objection existing in the case before us.   The appellate court does not in that case depart from or over-rule the decisions of the trying court as to the weight of the testimony, or the credit due to any witness.   It only acts upon his own certificate and acknowledgment of his opinion upon the subject.   Such a bill of exceptions may be likened to a report of a *nisi prius* judge in England; which, as to the facts, is conclusive with the courts of Westminister Hall.   It does not, like the bill before us, bring the whole matter again into controversy.   It does not lengthen the record beyond all

reason, and that too after the witnesses have dispersed and departed, all the *evidence* given in at the trial.  It only states, briefly, the facts as they appeared to the judge, and are admitted by him to have been proven ; and in consequence of such admission, the appellate court founds its decision upon the same facts as those which govern the court below."  *Id.* 130—31.

In *Jackson* v. *Henderson*, 3 Leigh 196, the syllabus states that, "upon a motion to set aside a verdict and for a new trial, on the ground that the verdict is contrary to evidence, the motion is overruled, but the circuit court refuses to certify the *facts proved* by the evidence and only certified *the evidence* and that nothing appeared to impeach the credit of any part of it;  bill of exceptions states the evidence at large which is in some respects variant and conflicting :  *Held*, this bill of exceptions is not well taken and the appellate court cannot review the judgment of the circuit court overruling the motion for a new trial.

In *Brooks* v. *Calloway*, 12 Leigh 446, the court refused a motion for a new trial on the ground that the evidence did not warrant the verdict, and counsel drew up a statment of the facts supposed to be proved and asked the court to examine it and to add to and correct it, so that it might appear of record what facts, in the opinion of the court, were proved in the trial.  The court refused to certify said statment or to correct it so as to make it conformable to the truth on the ground that the testimony was conflicting and it was the duty of the jury to decide upon its credibility; that it was the province of the court to grant a new trial in cases only where there was no sufficient evidence to warrant the finding.  The Court of Appeals held that the court properly refused to certify the facts and that the reasons assigned by the circuit court were conclusive.

In *Taliaferro* v. *Franklin*, 1 Gratt. 332, it was decided that "the judge below is not bound to certify the facts proved on the trial at law, when the case depends upon the credibility of the witnesses, *or the evidence is conflicting*."  In that case the court stated that the bill of exceptions must be confined to the facts proved and not the evidence given to the jury' for the reason that, unless such was the case the appeal would

in effect, be an appeal from the verdict of the jury; the merits of the judge's decision for or against a new trial would necessarily involve the merits of the verdict upon the evidence. The whole credit and weight, as well as the legal effect, of the evidence would thus be referred to the appellate court. It is the legal effect and not the credit and weight of the evidence upon which the appellate court is to act in deciding whether the court below ought to have granted or refused a new trial."

The same rule is laid down and applied in the following cases: *Paslys* v. *English*, 5 Gratt. 141; *Forkner* v. *Stuart*, 6 *Id.* 197; *Grayson's Case*, *Id.* 712; *Pryor* v. *Kuhn*, 12 *Id.* 615; *Renick* v. *Correll*, 4 W. Va. 627.

In *Grayson's case, supra*, the decision is, that "where the evidence is contradictory, the court, which tries the case, cannot be required to state in a bill of exceptions, either the evidence or the facts proved by the witnesses respectively. It is enough to state the evidence was contradictory."

It clearly appears from the foregoing cases that the authority of *Bennett* v. *Hardaway* and the rules therein announced have been recognized by all the subsequent cases; and the true construction and import of the rule thus established and recognized are that the proper function of a bill of exceptions is to present to the appellate court, not the weight and credit, but the legal effect of the evidence. This does not necessarily involve the discussion of a point of law, but the application of the law to the ascertained facts; and thus presenting the question, whether upon the facts stated the verdict on the issue joined ought to have been for the plaintiff or the defendant. The exercise of discretion on the part of the court below is thereby excluded and its decision placed upon the ground that the verdict upon the facts admitted or proved to the satisfaction of the judge was right or wrong. In this view the office of a bill of exceptions, when properly framed according to the rule thus laid down and adhered to, presents the matter to be determined by the appellate court precisely as it would have been presented on a demurrer to the evidence. In accordance with this analogy to the question raised by a demurrer to the evidence, the courts of Virginia soon after the rule in reference to bills

of exceptions had been established by *Bennett* v. *Hardway*, began to treat bills setting out the evidence instead of the facts as presenting, in effect, to the appellate court the same issue as a demurrer to evidence. It was regarded as a demurrer to the evidence after verdict and treated in the same manner as if it had been a demurrer before the verdict. This is strictly true when the judge grants a new trial; and is certainly so when he refuses it, for the case is not brought before the appellate court until after a verdict against the exceptor upon a new trial. The origin, history and application of this rule can be plainly seen and fully understood by reference to the following cases: *Carrington* v. *Bennett*, 1 Leigh 340; *Ewing* v. *Ewing*, 2 *Id.* 337; *Mays* v. *Callison*, 6 *Id.* 230; *Rohr* v. *Davis*, 9 *Id.* 30; *Patteson* v. *Ford*, 2 Gratt. 18; *Farish* v. *Reigle*, 11 Gratt. 720; *Carrington* v. *Goddin*, 13 *Id.* 587; *Gimmi* v. *Cullen*, 20 *Id.* 439; *Daingerfield* v. *Thompson*, 33 *Id.* 136; *Newlin* v. *Beard*, 6 W. Va. 110; *Allen* v. *Bartlett*, 20 *Id.* 46; *Black* v. *Thomas*, 21 *Id.* 709.

According to the principles of the common law and the English practice, no evidence ought to be stated in the demurrer but that offered by the adverse party; but in Virginia by an innovation long since fully established, the demurrer may state the evidence on both sides; but where the evidence adduced by the demurrant is contradictory to that of the opposite party, the effect of the demurrer is to admit the truth of the latter, or which is the same thing, to waive the demurrant's conflicting evidence; or as the rule is now generally defined, the demurrant must be considered as allowing full credit to all the evidence of the demurree, and admitting all facts directly proved by it, or that a jury might fairly infer therefrom, and as waiving all the parol evidence on his part which contradicts that offered by the demurree, or the credit of which is impeached, and all inferences from his own evidence, which do not necessarily flow from it. *Allen* v. *Bartlett*, 20 W. Va. 46. By analogy to this rule the Appellate Court, where a bill of exceptions contains only a certificate of the evidence, and not of the facts proved, will only consider the evidence introduced by the party prevailing in the court below, and will not reverse the judgment unless, after rejecting all the parol evidence

of the exceptor, and giving full faith and credit to that of the adverse party, the judgment of the court below still appears to be wrong, *Daingerfield* v. *Thompson*, 33 Gratt. 136; *Sheff* v. *The city of Huntington*, 16 W. Va. 307.

The rule that the bill of exceptions must state the facts and. not the evidence, may be thus regarded as modified in form, but certainly not in effect and substance, by some of the cases subsequent to that of *Bennett* v. *Hardaway*. The modification is, however, entirely consistent with the principles first established. In neither case can any question of the credit of the witnesses arise. In the qualified rule the exceptor gives up all his own evidence in conflict with that of his adversary, thus bringing it to the same thing as if he had not introduced it, and he admits the truth of the evidence adduced by the other side. So in every case where a new trial is asked from an appellate court, or where that court is asked to reverse the order of the trial-court granting a new trial, upon a certificate of the evidence only, the party who asks it must give up his own evidence, if any, and admit the truth of his adversary's evidence. Otherwise he must encounter the difficulty upon which the decision of *Bennett* v. *Hardaway* proceeded. By thus rejecting the exceptor's evidence and giving full credit to that of the exceptee, the result is precisely the same as if none of the conflicting evidence of the exceptor had been certified and when that is stricken from the certificate in fact as it is in effect and the evidence of the exceptee is treated as proving the facts it purports to prove, the certificate will be in every respect except in form a certificate of the facts regarded as proven and not of the evidence, and will harmonize entirely with the rule that the facts which the court regards as proven, and not the evidence, must be certified in the bill of exceptions. It thus appears that what has been generally considered as a modification of the original doctrine, is in fact merely an illustration of it in a different form. *Gimmi* v. *Cullen*, 20 Gratt. 439, 451.

From this review of the decisions of the court of appeals of Virginia and this State the following rules may be deduced:

I. A bill of exceptions to the judgment of the trial-court granting or refusing a new trial, on the ground that the ver-

dict is or is not warranted by the evidence, should properly in every case certify the facts proved on the trial and not the evidence. *Bennett* v. *Hardaway*, 6 Munf. 125.

II. If the bill is in form a certificate of the evidence and there is no inconsistency or conflict in the evidence thus certified, the appellate court will regard and treat it as the equivalent of a certificate of the facts. *Ewing* v. *Ewing*, 2 Leigh 337; *Green* v. *Ashby*, 6 *Id.* 135. But if all the evidence is introduced by the exceptor the appelate court will not review the action of the trial-court refusing a new trial. *Gimmi* v. *Cullen*, 20 Gratt. 439.

· III. When the bill certificates, though improperly, the evidence, and not the facts, and the evidence is conflicting, the appellate court will not decline to consider it ·in a case in which, after rejecting all the conflicting parol evidence of the exceptor, and giving full faith and credit to all the evidence of the adverse party, the decision of the trial-court still appears to be wrong. In such case the court will treat the certificate the same as it would a demurrer to evidence. *Newlin* v. *Beard*, 6 W. Va. 110.

IV. But where the evidence in such case is certified and all the material evidence of the exceptor is parol and in conflict with that of the opposite party; so that, when the exceptor's parol evidence is rejected, as it must be by the appellate court, the action of the trial-court will appear to be plainly right, the appellate court will not· in such case consider such certificate, or review the action of the trial-court. *The State* v. *Thompson*, 21 W. Va. 741.

And when the evidence is of this character the trial-court cannot be required to certify either the facts or the evidence. *Grayson's Case*, 6 Gratt. 712; *Renick* v. *Correll*, 4 W. Va. 627.

In the application of these principles to the case at bar, it must be observed that in proceedings by *mandamus*, as in other cases where this Court is asked to reverse the decision of an inferior court, it must affirmatively appear that the ruling or decision complained of is erroneous. It is therefore, incumbent upon the petitioner in this extraordinary proceeding to set up in his petition or application for the writ all the facts specifically which, if true, would be necessary to entitle him to the relief sought, and it must show

a clear *primae facie* case to warrant the writ.  The facts should be stated so distinctly and clearly that the respondent may either admit or deny them, so that an issue may be framed on the facts alleged as the foundation for the petitioner's claim to relief.  The petitioner must also specify clearly and distinctly the particular act or acts whose performance is sought.  High on Ex. L. Rem. sec. 450; *State* v. *Everett*, 52 Mo. 89; *State* v. *Cavanac*, 30 La. An. 237; *State* v. *Sheridan*, 43 N. J. L. 82.

The petition in the case at bar avers that the circuit court refused to certify either the facts or the evidence upon the ground that the evidence was conflicting.  It then avers that the conflict in the evidence consists almost entirely in the testimony and denials of the defendant himself.  The answer of the circuit judge admits the refusal to certify the facts or the evidence for the reason stated, but denies that the conflict in the evidence consisted almost entirely in the testimony and denials of the defendant himself.  The demurrer of the petitioner to the said answer puts in issue the sufficiency of the answer; that is, it presents the question, whether the facts alleged in the answer are sufficient to justify the circuit court in refusing to certify either the facts or the evidence?  This demurrer admits that the evidence was conflicting; and in the absence of any fact or admission to the contrary we must presume that all the material evidence of the plaintiff in the action was in conflict with or contradicted by the evidence of the defendant.  Such being the effect of the demurrer, it inevitably follows that under the rules of law hereinbefore announced, the answer is sufficient, because the facts therein stated clearly justified the circuit court in refusing to make the certificate demanded by the plaintiff in the action.  But, if we refer to the facts averred in the petition and treat them as true, the petition is insufficient.  It admits that the testimony and denials of the defendant were in conflict with the evidence of the plaintiff, and although it also avers "that the verdict was not only justified by the evidence, but was overwhelmingly in favor of it," the legal effect of said admission is not thereby avoided.  This averment must be regarded merely as the opinion of the petitioner or her counsel of the weight of the evidence

and it certainly will not be seriously contended that either this Court or the circuit could be justified in considering an opinion, however honestly entertained, of that character. The question then depends entirely upon the averment that the conflict consisted in the testimony and denials of the defendant. Assuming this to be true, it is clearly not the province of this Court to review the opinion of the circuit court as to the weight which shonld or should not be given to the evidence of the defendant or to that given in oposition to his testimony. That is a matter for the trial-court, which saw the witnesses and heard their testimony, to determine. If all the material evidence of the exceptor is parol, it is immaterial by how many witnesses it is proved or by how few it is contradicted on the side of the exceptee, this Court cannot consider any part of it that is so contradicted.

The petitioner has not set out the evidence in her petition which she desired the court to certify, nor has she made it a part of her case in this Court. In the absence of the evidence it is impossible for this Court to decide that the circuit court erred in refusing to certify it. In an application of this kind, the evidence or the facts which it is alleged the circuit court erroneously refused to certify must in some form be brought before this Court in order that we may judge whether or not the trial-court properly or improperly refused to certify it. For as we have seen, it is not in every case that the exceptor is entitled to a certificate either of the facts or the evidence. If the conflict is of such a nature that it could not be reviewed by this Court it would not only be usless but improper for the trial-court to certify either. As it does not *affirmatively* appear that the evidence, which the circuit eourt declined to certify in the case now in question, was not of the character just mentioned, the petition must be held insufficient. And as the demurrer of the petitioner to the answer of the circuit judge must be carried back to the first defective pleading which in our view is the petition, we must hold that to be insufficient; the rule is therefore dismissed as improvidently awarded and the writ of *mandamus* denied with costs to the respondents.

APPEAL DISMISSED.