W. H. SWARTZ v. T. B. NASH *et al.*

MANDAMUS *to Settle and Sign a True Bill of Exceptions.* When a bill of exceptions containing over two hundred pages of written matter, purporting to contain all the proceedings in a contested election, is presented to the contest court for settlement and signature; and the attorney who presents it declares his willingness to supply any omission, or make any addition to it that may be suggested by the trial court, so as to make it speak the truth; and the trial court refuses to consider it, or to make any suggestions as to omissions or amendments, and refuses to settle it or sign the same as prepared, it can be compelled by *mandamus* to settle and sign a true bill of exceptions in said case.

*Original Proceeding in Mandamus.*

THE material facts are stated in the opinion, filed on February 7, 1891.

*A. M. Mackey,* and *J. K. Beauchamp,* for plaintiff.

*S. B. Bradford, John H. Pitzer,* and *Wm. O'Connor,* for defendants.

Opinion by SIMPSON, C.: An alternative writ of *mandamus* issued from this court on the 30th day of November, 1890, reciting that it was represented to the court that prior to the 25th day of November, 1889, one W. H. Swartz was duly declared elected to the office of county commissioner of the third commissioner district of Stevens county; that on the said 25th day of November, 1889, J. W. Spoon, as contestor, filed with the county clerk of said county a notice of his intention to contest the election of the said W. H. Swartz to said office of county commissioner; that thereupon the said T. B. Nash, as probate judge of said county, selected as associate judges for the trial of said contest, R. H. Chism and Geo. H. Storms, and that they constituted and were the contest court for the trial of said action; that they proceeded with the trial of said case from time to time until the 3d day of March, 1890, when said court rendered a decision in said contest adverse to the said W. H. Swartz, to which decision the said contestee at the time duly excepted; that said contestee immediately filed with the clerk of said court a motion to vacate said decision and grant him a new trial, which said motion was overruled on the 14th day of March, 1890, to which ruling the contestee duly excepted; that the said contestee immediately upon the refusal of the court to grant a new trial, presented to the court a bill of exceptions in due and legal form, and requested the court to sign the same as required by law, but that said court refused to settle a bill of exceptions in said court, and adjourned the court *sine die;* that the said contestee was and is desirous of having a bill of exceptions settled and signed in said case, in order that he may have the same reviewed in the proper court upon a petition in error; that unless the said contest court is required to settle and sign a bill of exceptions in said case, the contestee

is without adequate remedy at law, and will suffer great damage and loss. The contest court was commanded to convene at the office of the probate court in said county at the hour of 10 o'clock in the forenoon on the 10th day of November, 1890, and then and there proceed to settle and sign such bill of exceptions as may be tendered by the contestee, or show cause before the court on the 20th day of November, 1890, why performance as herein commanded has been delayed or refused.

To this writ the defendants answered on the 28th day of November, 1890, admitting that on the 14th day of March said Swartz, by his attorney, presented to said contest court a pretended bill of exceptions, and requested them to settle and sign the same, and that they refused to do so for the following reasons: First, that said bill of exceptions so presented did not fully and truthfully set forth and recite the matters and things therein contained, and that they called the attention of the attorney presenting the same to the defects, errors, misstatements and omissions in said pretended bill of exceptions, and suggested wherein said pretended bill of exceptions should be amended to make it speak the truth, and informed the attorney if he would make such amendments as were suggested, that they would sign the bill of exceptions, and that the attorney refused to make the amendments; that afterward, on the same day, the attorney reduced to writing a pretended statement of the corrections and amendments suggested by the court, but attached thereto an instrument in writing, the nature of which was unknown to the court at that time, and asked these defendants to sign the same. Whereupon, the court asked the attorney if he presented that instrument as his bill of exceptions, to which he answered, "It is none of the court's business, but is mine as attorney for Swartz." The said Swartz and his attorney not having made a true bill of exceptions, and refusing to make the amendments suggested, and it being apparent from the insolent and contumacious demeanor of said attorney, that said corrections would not be made, and that Swartz and his attorney did not want a

bill of exceptions settled and signed that would speak the truth in reference to said trial, and such court having no other business before it, adjourned *sine die.*   Second, they allege the pendency of another action between the same parties for the same cause of action before the district court within and for the county of Stevens, in the thirty-second judicial district of this state, and that said action was pending at the time of the commencement of this action, and is still pending.

On the issues raised by the alternative writ and the answer, a trial was had before this court on the 7th day of February. The material facts appearing at the trial are: That on the 14th day of March, 1890, the attorney of Swartz appeared before the contest court with a bill of exceptions that was identified on the trial as the one offered, and presented it to the court, and requested them to settle and sign the same.   This bill of exceptions consisted of over two hundred pages of written matter, and purported to contain everything connected with said case.   Two amendments were suggested by the opposing attorney, and these were immediately inserted in the bill of exceptions.   The contest court still persisted in the contention that the bill of exceptions was not a true one, but declined to suggest wherein it was deficient, and refused to make any additional suggestions as to amendments, corrections or omissions of important and material matter.   The court stated that they were not compelled to sign any other than a true bill, and finally on that day adjourned *sine die.*   They reconvened on the 10th day of November—the day designated in the alternative writ—and the identified bill of exceptions was again presented to them, with an offer on the part of the attorney who presented it to draft and incorporate into the bill any suggestions, amendments, or corrections, but none were made, and the court refused to sign because it was not a true bill. They made no effort at that time to perfect the bill of exceptions.   The bill was then left with them, or their attorney, for examination.   Subsequent to this they prepared a statement enumerating the defects and omissions in the bill of exceptions presented, and this statement constituted their

answer to an alternative writ of *mandamus* that had, prior to the commencement of this action, been issued out of the district court of their county, but subsequently withdrawn. This statement of omissions and defects in the bill of exceptions presented was by them introduced as evidence on the trial of this action.

It is made the statutory duty of a court to settle and sign a bill of exceptions; if the bill is not a true one, the court should correct it, or suggest the correction to be made. (Code, § 303.) We hold it to have been the plain duty of the contest court in this case, when the bill of exceptions was presented to it, to correctly settle and sign it. If the bill as provided was defective in any respect, the defect should have been remedied then and there. It is a clear legal right belonging to any party when a case is decided against him to have a bill of exceptions settled and signed by the court, embodying all the pleadings, evidence and rulings; and it amounts to an absolute denial of legal right and of justice for a trial court to arbitrarily refuse to settle a true bill of exceptions. It is true that a trial court is not required to draft a lengthy bill of exceptions, or perform clerical work of moment, but when a bill is prepared that is claimed to embrace the whole proceedings, it is its duty to carefully examine it, and correct it, if need be, so as to make it speak the absolute truth. The power of the trial court to make such alterations, erasures and additions in a prepared bill of exceptions presented for signature, as may be necessary to make it speak the truth, is undoubted, and has been declared by this court. But the trial judge has no right to fold his arms and say that the bill of exceptions is not true, and yet not point out wherein it is defective, and refuse to settle and sign it because it is not true. It is as much a part of the duty of the trial court to settle as it is to sign a bill of exceptions. By settlement, we mean to make it recite the absolute truth as to all of the proceedings in the action. All these things are clear deductions from the statutory command to trial courts to settle and sign bills of exceptions. The trial

court cannot by *mandamus* be compelled to sign a certain bill of exceptions, or any particular bill of exceptions, but when a bill is presented and the court refuses either to settle or sign it, or to suggest amendments, or to require certain parts to be stricken out, it can be compelled by *mandamus* to settle and sign a bill of exceptions. This is the prayer and command of the alternative writ in this case.

The objection that any other suit is pending in the district court of Stevens county by the same parties for the same cause of action, is obviated by showing from the records of said court that all the papers in the action were withdrawn by both parties by leave of the court, and without prejudice.

We recommend that a peremptory writ be issued, the question of costs being reserved for further investigation and future consideration.

By the Court: It is so ordered.

All the Justices concurring.