[No. 6042.   Decided January 15, 1906.]

THE STATE OF WASHINGTON, *on the Relation of Tony F. Richardson, Plaintiff,* v. THE SUPERIOR COURT FOR DOUGLAS COUNTY, *Respondent.*[1]

MANDAMUS—PARTIES—PROSECUTION IN NAME OF STATE. An application for a writ of mandate in the interest of a private party is properly made in the name of the state.

APPEAL—RECORD—STATEMENT OF FACTS—CONTENTS—FAILURE OF COMMISSIONERS TO RETURN EVIDENCE—SUBSEQUENT FILING AND CONSIDERATION—WHEN NOT PART OF RECORD. Where the testimony taken before commissioners is not returned with their report, but is afterwards transcribed and filed in the cause by one of the parties, and thereafter considered by the parties and the court in considering the report, it is not a part of the record within the purview of Bal. Code, § 5064, so providing as to testimony returned into court by the commissioners with their report; hence it must be made a part of the statement of facts in order to be considered on appeal.

SAME—MANDAMUS—COMPELLING CERTIFICATION OF STATEMENT OF FACTS—WHEN LIES. Evidence taken before commissioners not returned by them, but subsequently transcribed and considered by the court, without objection, is proper for the consideration of the supreme court on appeal, and the lower court will be compelled by mandate to embody the same in the statement of facts, where he has refused so to do; and the fact that he had already certified to a statement not embodying the same is no defense to the application.

1Reported in 83 Pac. 1027.

Application filed in the supreme court January 6, 1906, for a writ of mandate to the superior court for Douglas county, Steiner, J., to compel the settlement and certification of a statement of facts. Granted.

*Merritt & Merritt,* for relator.

RUDKIN, J.—The case of *Richardson v. Richardson* was before this court on a former appeal, and will be found reported in 36 Wash. 272, 78 Pac. 920. The judgment was there affirmed in part, but reversed as to the disposition made of the property rights of the parties. The case was remanded, with directions to take further testimony in such manner as the court might determine, and make an equal division of the property between the plaintiff and the defendant, in kind or otherwise. After the cause was remanded, the court appointed three commissioners,

"with the full and same power in relation to the matters, and subject to the limitations and directions prescribed and set out in this order of reference, as is possessed by this court, to conduct trial; to examine witnesses; to grant· adjournments; to administer oaths; preserve order; to compel the attendance of witnesses; and to punish them for nonattendance or refusal to be sworn or to testify, for the purpose of taking testimony, and examining and ascertaining, setting out, recommending and reporting to this court the facts and findings."

Here follows a statement of the matters to be embodied in the report of the commissioners. It was further ordered

"that, upon the completion of its duties herein, or upon the order of this court, said commission shall make a full and written report of all its doings in this behalf, and of all schedules and inventories, findings, facts and recommendations to this court."

The commissioners examined witnesses, heard testimony, inspected the property, and made a report and a supplemental report to the court. No testimony or other evidence was re-

turned into court with either report, and no reference to the testimony or other evidence was made in either report, further than that the commissioners had examined witnesses and taken testimony. In fact, at the time these reports were filed, there was no record of the testimony taken before the commissioners, aside from the shorthand notes of the reporter.

After the filing of these reports, the attorneys representing the plaintiff in the court below, the relator here, caused the notes of the testimony taken before the commissioners to be extended, and filed a copy thereof with the clerk of the court at the hearing on the report of the commissioners. The testimony so filed was considered by the court and all parties concerned as the testimony taken before the commissioners, but the same was not reported by the commissioners nor authenticated in any way. The court confirmed the report of the commissioners, and rendered judgment in accordance with their recommendations. The plaintiff has prosecuted an appeal from the judgment so rendered. Afterwards, and within the time required by law, the plaintiff filed a proposed statement of facts, which embodied the testimony taken before the commissioners, and filed as aforesaid. The defendant filed proposed amendments, consisting of the order of reference, the report of the commissioners, and other matters not necessary to be considered here.

The matter of settling and certifying the statement of facts came on regularly to be heard, and so far as the record before us discloses, the defendant made no objection to the statement as proposed by the plaintiff, and the plaintiff made no objection to the amendments as proposed by the defendant, but the court, of its own motion, refused to embody the testimony above referred to in the statement of facts, for the reason that the same was already a part of the record. On the foregoing facts, which are admitted by the demurrer of the respondent, the plaintiff has applied to this court for a writ of mandate requiring the trial judge to embody said testi-

mony in the statement of facts, and certify the same as required by law.

The defendant in the court below has made no appearance in this court, but the trial judge has filed a demurrer to the application on the following grounds: (1) Because the plaintiff has no legal capacity to sue; and (2) because the application for the writ does not state facts sufficient to constitute a cause of action. The first ground of demurrer was decided adversely to the respondent in *State ex rel. Weinberg v. Pacific Brewing etc. Co.,* 21 Wash. 451, 58 Pac. 584, 47 L. R. A. 208. It was there held that an application for a writ of mandate in the interest of a private party was properly instituted in the name of the state.

Bal. Code, § 5064, provides that,

"All reports of referees or commissioners, with the testimony and other evidence returned into court therewith . . . . shall be deemed and are hereby declared to become, upon being filed in the cause, . . . a part of the record in the cause, for all the purposes thereof and of an appeal therein; and it shall not be necessary or proper, for any purpose, to embody the same in any bill of exceptions or statement of facts."

If the testimony referred to falls within the purview of the above statute, the writ should be denied; but in our opinion it does not. It was not reported by the commissioners, nor was it in any manner identified or referred to in their report, or in the final judgment of the court. It manifestly did not become a part of the record for the purpose of an appeal or for any purpose by being filed in the cause by one of the parties to the action. Until this testimony was adopted by the court and the parties at the hearing on the report of the commissioners, it formed no part of the record and had no connection with the case. If, instead of consenting to the consideration of this testimony, the defendant had moved to strike it from the files, the court would have no alternative but to grant the motion. Perhaps the better practice would

have been to require the commissioners to return the testimony taken before them with their report, so that the same might become part of the record. But that question of practice does not concern this court, nor did it concern the court below.

It is admitted that the testimony in question was considered by the trial court on the hearing of the application for a judgment on the report of the commissioners, and it is therefore proper for the consideration of this court on appeal. We are of opinion that such testimony was not returned by the commissioners, within the purview of the statute in question, and formed no part of their report; that it first became evidence in the case when adopted by the court and the parties at the hearing of the application for judgment, and that it formed no part of the record unless made so by bill of exceptions or statement of facts. The fact that the trial judge has already certified a statement of facts which does not embody the above testimony, is no defense to this application. Bal. Code, § 6060, provides as follows:

"And if the judge refuse to settle or certify a bill of exceptions or statement of facts or to correct or supplement his certificate thereto, in a proper case, he may be compelled so to do by a mandate issued out of the supreme court, either pending an appeal or prior thereto."

Let the writ issue as prayed, commanding the respondent to settle and certify a statement of facts embodying all testimony considered in the trial court on the application for judgment on the report of the commissioners, and such other matters as are required by law.

MOUNT, C. J., FULLERTON, HADLEY, DUNBAR, CROW, and ROOT, JJ., concur.