STATE *ex rel.* WIGAL *et al.* v. WILSON, *Judge.*

No. 6390.    Opinion Filed June 9, 1914.

(141 Pac. 426.)

1.  **APPEAL AND ERROR—Settlement of Case-Made—Duty of Judge.** Where an original petition is filed in this court, praying for a writ of mandamus, directing respondent, as district judge, to settle and certify a certain case-made, and petitioner alleges that he has served a case-made containing a true statement of all the proceedings had, orders and judgments entered, and evidence introduced in the trial, and respondent, in his answer to said petition, in substance alleges that opposing counsel filed objections to the settling and approving of said case-made, on the ground that it did not contain the evidence of certain witnesses in haec verba or in detail, and further alleges that he has only a general recollection of what the testimony of such witnesses was at the time of the trial of said cause, and he is unable to determine in his own mind whether the statements of such evidence are the same as incorporated in plaintiff's case-made and substantially correct, held, that such answer does not constitute a legal defense, in that said respondent, under the law, is chargeable with knowledge of all the evidence introduced and proceedings had before him, and it is his duty to settle said case-made by correcting the same and make it speak the truth, and then to allow and approve the same as such.

2.  **SAME—Case-Made—"Settle."** The term "settle" or "settling" a case-made, under the statute, means adjusting the differences; and when a case-made is defective by reason of containing matter which did not transpire, or matter which is incorrectly stated, it becomes the duty of the court or judge to correct same by elimination or correction to make it conform to the truth; or, if the same does not include matter material to the issue, it should be amended by including such omitted matter. In the preparation of a case-made, counsel are entitled to the assistance of the court or judge where necessary in order to make the case-made speak the truth, and likewise the court or judge is entitled to the faithful assistance of the respective counsel.

3.  **SAME—Settlement of Case-Made—Enforcement by Mandamus.** Upon the filing of an original petition in this court for writ of mandamus to require respondent, as district judge, to settle and approve a case-made, where the answer filed by respondent to said petition fails to allege facts sufficient to show a legal excuse for not settling and approving said case-made, a peremptory writ of mandamus will be issued by this court.

(Syllabus by the Court.)

Original mandamus by the State, on the relation of Martha C. Wigal and others, to require Charles B. Wilson, Jr., Judge

of the District Court of Lincoln County, to settle and certify a case-made. Writ ordered to be issued.

*Johnson & Cordell,* for relators.

*R. A. Kleinschmidt, J. H. Grant,* and *F. A. Rittenhouse,* for respondent.

RIDDLE, J. Relators filed their original petition in this court, praying for a writ of mandamus, requiring respondent, Hon. Chas. B. Wilson, Jr., judge of the district court of Lincoln county, to certify a certain purported case-made presented to him to be true and correct, and allege that same contains a true transcript of the evidence taken in said cause. Relators are now, and were at all times mentioned, paupers. On the 11th day of December, 1913, a certain cause in the district court of Lincoln county came on for hearing, wherein the relators were plaintiffs and the St. Louis & San Francisco Railroad Company was defendant. At the conclusion of the evidence of plaintiffs, defendant demurred thereto, which demurrer was sustained and judgment rendered in favor of defendant. Plaintiffs filed their motion for a new trial, which was overruled, and they were granted an extension of 90 days within which to prepare and serve case-made. Said plaintiffs, being unable to pay the costs of the case-made, filed their motion to require the court to have the stenographer transcribe said testimony, which said motion was by the court overruled. Plaintiffs prepared and served a case-made in said cause, which they allege to be true, correct, and complete, containing all the pleadings, proceedings had, and all the evidence, partly in narrative form, offered or introduced by either party, and rulings made and exceptions allowed. It is further alleged that defendant, the St. Louis & San Francisco Railroad Company, made and filed certain suggestions of amendments, a copy of which is attached to the petition. It appears from the record that plaintiffs included in the case-made the substance of the evidence of four witnesses, as plaintiffs' counsel remembered the same, in narrative form. Defendant contended that the statement of the substance of the evidence so made did not contain all the

evidence of said witnesses, and requested that plaintiffs include in said case-made all the evidence of said witnesses. Defendant's counsel also contended that they were unable to copy the testimony from memory. Upon notice to defendant, the case-made was presented to respondent for settlement and approval. Omitting the caption, the certificate of the judge is as follows:

"Now on the 9th day of April, 1914, this cause comes on for hearing before the undersigned district judge at chambers at Chandler, Okla., all parties being present by their respective counsel, and the plaintiff by his counsel presents to the undersigned judge a purported case-made, and moves that the same be settled and signed. Whereupon attorneys for the defendant, the St. Louis & San Francisco Railroad Company, filed and presented their objections to the signing and settling of said purported case-made and their suggestions of amendment to the same, which are hereto attached to said case-made, for the reason, among others, that said case-made does not contain a correct statement of the evidence offered at the trial of the case of the witnesses Victor V. Thorp, Martha C. Wigal, C. C. Wigal, J. B. Durham, and Ralph Shaw; and the court, having examined the plaintiffs' purported case-made, finds that the testimony of said witnesses is not set out *in haec verba* or in detail, but purports to be a correct statement by counsel for plaintiff of the substance of said testimony of said witnesses, and the undersigned judge, having discharged said cause from his recollection, has only a general recollection of what the testimony of such witnesses at the time of the trial of said case was, and does not have a correct recollection of the details of the evidence, and is unable to determine in his own mind whether the statements of such testimony is the same as contained in the plaintiff's case-made is substantially or approximately correct. And now the plaintiff, by his attorney, asks that the defendant, St. Louis & San Francisco Railroad Company, be required to submit to the court a statement showing the inaccuracies, if any, in the purported statement of the testimony of said witnesses, as said purported statements appear in plaintiff's offered case-made, and the defendant, the railroad company, being present by its attorney, states that defendant has no transcript of the evidence, and is unable to make a correct statement of testimony of said witnesses. Whereupon, premises considered, the undersigned judge of the district court declines to sign and certify the said purported case-made as a true and correct case-made of the proceedings of said trial and of said case. The defend-

ant railroad company having suggested no amendments to any other part of plaintiff's offered case-made than to the purported testimony of the above named witnesses, the court certifies that all other parts of said case-made to be true and correct. In witness whereof, I hereunto subscribe my name as judge of the district court of Lincoln county, state of Oklahoma, at my chambers at the courthouse in Chandler, this 9th day of April, 1914, and order and direct that the clerk of said court do attest my signature hereto.

[Signed]                          CHAS. B. WILSON, JR.,
                                        *"District Judge."*

Respondent has filed his answer to the petition of relators, denying generally said allegations made therein, and setting up substantially the proceedings as set out in the petition of relators. He further alleges that the evidence introduced on behalf of plaintiff in said cause was taken down in shorthand by the official reporter; that the purported case-made presented to respondent for his certificate and approval did not contain a transcript of said evidence or a complete and correct copy of the evidence introduced; that, upon an examination, respondent found that the testimony of certain witnesses, to wit, Victor V. Thorp, Martha C. Wigal, C. C. Wigal, J. P. Durham, and Ralph Shaw, was not set out *in haec verba* or in detail; that defendant's counsel, having only a general recollection of the details of the evidence, was unable to determine in his own mind whether the statements of such evidence as contained in plaintiffs' purported case-made were the same as given by the witnesses on the stand. He avers, therefore, that he could not certify truthfully to the facts; nor that the testimony as set out in plaintiffs' purported case-made was true and correct; that his duty was to make a certificate that would speak the truth; and that the certificate attached to said case-made was the only certificate that he could truthfully sign, in the absence of a transcript of the evidence taken down by the official reporter. Upon this issue, made by the petition and answer, this court is requested to issue a writ of mandamus, compelling respondent to settle said case-made and to certify to the same in the form provided by law, and such other relief is prayed for as petitioners may be entitled to.

Section 5241, Rev. Laws 1910, provides:

"A party desiring to have any judgment or order of the county, superior or district court, or a judge thereof, reversed by the Supreme Court, may make a case, containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the Supreme Court."

Section 5242, *Id.,* provides:

"The case so made, or a copy thereof, shall, within fifteen days after the judgment or order is rendered, be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendments shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. \* \* \*"

Section 5244, *Id.,* provides for an extension of time by the court or judge, and further provides for the service of the case-made, and the manner of suggesting amendments, and then provides:

"\* \* \* When so made and presented shall be settled, certified and signed by the judge who tried the cause; \* \* \* and if no amendments are suggested by the opposing party, as above provided, said case shall be taken as true and containing a full record of the cause and certified accordingly."

Section 5245 provides that in the event the trial judge should die after the final judgment, or be out of office or absent from the state or unable to settle the case, the successor to such judge shall settle, sign, and certify the case-made, and make all other necessary orders therein to enable the party to perfect the record for the appellate court, and then provides:

"\* \* \* And to that end may, upon reasonable notice or appearance of the parties, hear evidence for the purpose of determining any disputed matter of fact in relation to the proceedings in such cause."

Section 5246 makes further provision for the extension of time, and provides that:

"\* \* \* In case of accident or misfortune which could not reasonably have been avoided by the party appealing, the said court or judge, upon notice to the adverse party, may make

such orders after the expiration of the time fixed in the previous order, or time allowed by statute. * * *"

It will thus be seen that the Legislature has provided every means and safeguard to protect the rights of litigants in their efforts to have their cases reviewed by this court. Where a party litigant is not in fault, there should be no excuse for his failure to get his case before the Supreme Court by reason of poverty or other condition over which he has no control.

While a writ of mandamus will not, as a general rule, issue to review an exercise of judicial discretion, it may be employed to compel an inferior tribunal to act or to exercise its discretion, although the particular method of acting or the manner in which the discretion shall be exercised will not be controlled. The issuance of a writ of mandamus has been the usual and ordinary method whereby a trial judge may be required to settle and sign bills of exceptions and case-mades. 3 Cyc. p. 47, states the rule as follows:

"The power of an appellate court, in aid of its appellate jurisdiction, to compel a trial judge to sign a bill of exceptions is well established."

Again on page 76, *Id.*:

"Where the judge below refuses to make a certificate of evidence, mandamus lies to compel him." *State ex rel. Collins et al. v. Park, Judge,* 34 Okla. 335.

The answer of respondent in this case to the petition for writ of mandamus does not allege that the case-made as presented was not correct, but alleges that the same does not contain a transcript of said evidence certified to by said court reporter as being a full, complete, and correct copy of the evidence so introduced; that defendant herein, upon examination, found that the testimony of said witnesses V. V. Thorp, Martha C. Wigal, C. C. Wigal, J. B. Durham, and Ralph Shaw was not set out *in haec verba* or in detail; that respondent, having discharged said cause from his recollection, had only a general recollection at the time, of the trial of the case, and did not have a correct recollection of the details of the evidence, and was unable therefore to determine in his own mind whether or not the statements of such testimony as contained in plaintiffs' purported case-

made were the same as given by the witnesses on the stand. He thereby concludes that he could not truthfully certify to the case-made. The question is: Does this answer constitute a legal reason why a writ of mandamus should not issue, or do the facts alleged show a legal excuse for failure of respondent to settle, sign, and certify to the case-made? We are of the opinion that they do not. The trial court is supposed to, and in fact must, know the testimony introduced before him in the trial of a cause. This proposition is elementary. It is shown from the attempted certificate made by respondent that the testimony of the witnesses referred to was taken down by the court reporter in shorthand. The reporter is employed and paid by the state for the purpose of assisting the court in the dispatch of the business coming before it; and one of the plain duties of the court and the respondent, as judge thereof, is to settle the case-made when presented for that purpose.

The term "settle" or "settling" of a case-made means to adjust differences; if it does not speak the truth, to add such omitted parts or other proceedings; or, if it contains matter which did not take place, to eliminate the same, and, in short, to add or eliminate such matter as will cause the case-made to speak the truth. The judge is not permitted, when the case-made is presented for settling and signing, to simply say that he does not know whether it is correct, that he does not remember the testimony in detail, and thereby refuse to make any effort to correct the same. Thus, by failing to act, he cannot deprive a litigant of his constitutional right of appeal. It was said by the Supreme Court of Virginia, in the case of *Powell v. Tarry's Adm'r*, 77 Va. 250, in the fourth paragraph of the syllabus:

"Lack of time or lapse of memory is no excuse for a judge's refusal to certify the evidence on the trial of a cause before him, or to perform any other duty imposed on him by law."

In the case of *Dillard et al. v. Dunlap*, 83 Va. 755, 3 S. E. 383, the court, in the third paragraph of the syllabus, uses the following language:

"Mere lapse of memory is no reason for a trial judge to absolutely refuse to certify the evidence in a case, preparatory to appeal."

In the case of *People v. Horton*, 46 Ill. App. 434, which was a proceeding for writ of mandamus, requiring a trial judge to certify to a proceeding in a case, it was stated in the fourth paragraph of the syllabus:

"It is not sufficient for a judge, in refusing to sign a certificate of evidence, to answer that the certificate presented did not contain all the evidence, but with reasonable certainty the evidence omitted should be pointed out, in order * * * to meet the emergency."

In paragraph 5 of the syllabus it is stated:

"A party has not only a right to a bill of exceptions, or a certificate of evidence, but he has a right to the assistance of the court, if necessary, to enable him to prepare and present a true and complete bill or certificate. If papers used in evidence are in possession of the complainant, who refuses to produce them, the defendant is entitled to an order of court requiring their production, in order that they may be copied and embodied in the certificate."

In the case of *People ex rel. Maher v. Williams*, 91 Ill. 87, it is stated in the syllabus:

"If the judge, hearing a chancery suit upon oral testimony, cannot remember the evidence, he may send for the witnesses who testified before him and examine them again, and in this or some other way ascertain the facts to be incorporated into the certificate of evidence. If a phonographic report is taken by a reporter, that may be resorted to."

In the case of *Swarts v. Nash*, 45 Kan. 341, 25 Pac. 873, it is said:

"It is made the statutory duty of a court to settle and sign a bill of exceptions; if the bill is not a true one, the court should correct it, or suggest the correction to be made."

See, also, *Osborne v. Prather*, 83 Tex. 208, 18 S. W. 613; *Kaeppler v. Pollock*, 8 N. D. 59, 76 N. W. 987; *Richardson v. Superior Court Judge*, 41 Wash. 439, 83 Pac. 1027; *Morgan v. Fleming*, 24 W. Va. 186.

The statute nowhere provides that in preparing a case-made the evidence shall be transcribed and included *in haec verba* or in detail, as required by respondent. As suggested in some of the cases quoted from herein, if the trial court, as a matter of fact, could not remember the testimony in detail, it was his duty to

call to his assistance the official reporter and ascertain whether or not the case-made was correct. We are also of the opinion that, when a case-made is served upon opposing counsel, he should be required to go further than simply object to the case-made as presented, on the ground that it does not correctly contain the evidence or other proceedings of the court. It is his duty, not only to the opposing counsel, but as an attorney and officer of the court, in order to facilitate the dispatch of business of the court, to point out in what particulars the case-made is defective. In the case at bar, where counsel have attempted to make a statement of the evidence of certain witnesses, although in a narrative form, and assert the same to be substantially correct, and opposing counsel contend that the statements do not contain correctly the evidence of said witnesses, it should be pointed out in detail in what respect it is lacking, and, when it may be reasonably done, he should furnish a correct copy of the testimony or other portion of the record which he claims has been omitted, in order that the court may be advised in the particulars in which it is contended the case-made is defective, to the end that said case-made may be amended to meet the requirements of the law and the ends of justice.

From the foregoing views, we hold that the answer of respondent herein is no legal ground or excuse for his failure to settle a proper and true case-made in the manner provided by the statutes herein referred to, and, after same shall have been settled, to certify in the manner required by law.

A peremptory writ of mandamus is hereby ordered to be issued, directing respondent, the Hon. Chas. B. Wilson, Jr., district judge, to proceed to settle and certify the case-made in the manner provided by law, to the end that relators may have said cause reviewed by this court on appeal.

All the Justices concur.