### GARFIELD OIL CO. et al. v. BIRD, Judge.

No. 20926. Opinion Filed Jan. 14, 1930.

Edw. H. Chandler, Summers Hardy, and J. H. Maxey, for plaintiffs.

W. W. Sutton, Roddie & Harrison, J. B. Dudley, and Dyer & Smith, for defendant.

HEFNER, J. The plaintiffs herein seek a writ of mandamus directed to the defendant, J. W. Bird, judge of the district court of Garfield county, commanding the defendant to examine a case-made, and amendments suggested thereto, and to settle and sign the same in cause No. 5464 in that court, according to the true facts of the case.

The defendants in cause No. 5464 in the district court of Garfield county are the plaintiffs herein, and they are attempting to appeal from two separate orders entered in that case. The one is the order of september 5, 1929, dismissing the cause of action alleged in the supplemental petition of the Sinclair Oil & Gas Company for an accounting against Ralph Crews, Charlie Crews, and Robert Crews. The other is the order of August 8, 1929, sustaining the motion of the plaintiffs to strike the defendants' motion to cancel supersedeas bonds.

From the record and briefs in the case it appears that the defendant did not refuse to settle and sign the case-made because it was not according to the true facts of the case, but refused to do so upon the ground that neither of the orders contained therein, from which the plaintiffs were attempting to prosecute an appeal, were **appealable** orders, and held that for such reason it was his duty to refuse to settle and sign the case-made.

The plaintiffs contend that the district judge is without authority to determine whether or not the orders are appealable upon an application to settle a case-made, his duty being to sign and settle the same if it speaks the truth as to the condition of the record, and if it does not speak the truth, it is his duty to correct it, or at least suggest amendments and corrections, and after such corrections are made, to then settle and sign the same.

Section 784, C. O. S. 1921, is as follows:

"A party desiring to have any judgment or order of the county, superior or district court, or a judge thereof, reversed by the Supreme Court, may make a case, containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the Supreme Court."

This statute does not limit the making of a case-made to such judgments or orders as may be appealable, but provides that if a party desires to have any judgment or order reversed, he may make a case, containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the Supreme Court. The question of whether or not such judgments or orders are appealable must be decided by this court, because it is particularly within its province to determine that question.

A judgment is the final determination of the rights of the parties to an action. (Sec-

tion 662, C. O. S. 1921.) Every direction of a court or judge made in writing, and not included in a judgment, is an order. (Section 859, C. O. S. 1921.) Section 784, supra, makes it the duty of a party desiring to have any judgment or order of the county, superior, or district court, or a judge thereof, reversed by the Supreme Court to make a case-made containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the Supreme Court. A portion of section 785, C. O. S. 1921, is as follows:

"The case so made, or a copy thereof, shall, within 15 days after the judgment or order is rendered, be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendments shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. * * *"

A portion of section 787, C. O. S. 1921, provides:

"The court or judge may, upon good cause shown, extend the time for making a case and the time in which the case may be served; and may also direct notice to be given of the time when a case may be presented for settlement after the same has been made and served, and amendments suggested, which when so made and presented shall be settled, certified, and signed by the judge who tried the cause. * * *"

These statutes are mandatory and give no discretion to the trial judge, except to determine whether or not the case-made so presented speaks the truth. If this were not true, the trial judge could determine whether or not this court had jurisdiction every time a case-made was presented for settlement. If the trial court has this discretion, then the writ herein could not be granted, because it can only issue where the duty refused to be performed is mandatory. The trial court, however, has no authority to determine the jurisdiction of this court.

In the case of Wigal v. Wilson, 43 Okla. 112, 141 Pac. 426, an appeal was sought from a judgment of the district court of Lincoln county. The case-made did not contain the evidence of the witnesses in haec verba, but only in narrative form, according to the recollection of counsel for plaintiff. The trial judge refused to settle the same on the ground that he only had a general recollection of what the testimony of the witnesses was and that he was unable to determine in his own mind whether the statement of the evidence as incorporated in plaintiff's case-made was substantially correct. In passing upon this question this court said:

"* * * The question is: Does this answer constitute a legal reason why a writ of mandamus should not issue, or do the facts alleged show a legal excuse for failure of respondent to settle, sign, and certify to the case-made? We are of the opinion that they do not. The trial court is supposed to, and in fact must, know the testimony introduced before him in the trial of a cause. This proposition is elementary. It is shown from the attempted certificates made by respondent that the testimony of the witnesses referred to was taken down by the court reporter in shorthand. The reporter is employed and paid by the state for the purpose of assisting the court in the dispatch of the business coming before it: and one of the plain duties of the court and the respondent, as judge thereof, is to settle the case-made when presented for that purpose."

In that case this court held it was the plain duty of the trial judge to settle the case-made when presented, by correcting the same and making it speak the truth, and then to allow and approve the same, as such.

In the case of State v. Parks, 34 Okla. 335, 126 Pac. 242, this court had before it the same question. There it was said:

"* * * When a party appealing does not incorporate in the case-made enough of the proceedings to present the errors complained of, they will not be considered; and where the case-made presented to the judge is true, it should be certified by him. If the opposite party desires to have a fuller record, it is his duty to furnish a transcript of such parts of the proceedings as he desires to have incorporated in the case-made; or the judge himself may add to the case-made, or strike out untrue portions of the case-made presented to him for certification. As the case-made should have been certified. and as the county judge did not base his refusal to certify it upon the ground that it was untrue, it will be now considered by this court (except such parts as an inspection discloses could not have been part of the case-made) as if it had been properly certified by the county judge.* * *"

The above statutes, and the cases construing them, make it the plain duty of the trial judge to settle and sign a case-made when a party attempts to appeal from any order or judgment, if the case-made so presented speaks the truth. If the orders or judgments appealed from are not appealable, or if the case-made is not suffi-

cient to invoke the jurisdiction of this court, then this court would have no jurisdiction to review them. This is a question, however, that must be determined by this court, and not by the trial court.

Since the defendant did not refuse to settle and sign the case-made on the ground that it was not according to the true facts of the case, but refused to do so upon the ground that the orders contained therein were not appealable, and held that for this reason it was its duty to refuse to settle and sign the case-made, the writ of mandamus is hereby granted. Let the writ issue.

HUNT, CLARK, RILEY, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and CULLISON, J., disqualified and not participating.

Note.—See "Appeal and Error," 4 C. J. § 2027, p. 366, n. 72.