## JONES v. DUNCAN.

No. 21748.    June 12, 1934.

Rehearing Denied Sept. 11, 1934.

Joseph D. Mitchell, for plaintiff in error.

Hamilton, Gross & Howard, for defendant in error.

WELCH, J.   The plaintiff, W. S. Jones, was a tenant on farm lands of the defendant, C. A. Duncan.   In the trial court plaintiff sued for damages to his crop and damage caused by alleged failure of the defendant to comply with the share crop agreement.   The defendant, by answer, denied the allegations of plaintiff's petition, but admitted ownership of the land, and the contract or agreement under which plaintiff was to farm the land, and the defendant, by cross-petition, sought substantial damages from the plaintiff.   The trial to a jury resulted in general verdict and judgment for the defendant, no damages being awarded either party.   The plaintiff filed motion for new trial, in the regular or usual manner, for alleged errors in the trial.   That motion was overruled and notice of appeal to this court was given, but such appeal was not lodged in this court, it being the plaintiff's theory that he could not perfect that appeal, because it was, without his fault, impossible to make a case-made.

Subdivision 9, section, 398, O. S. 1931, provides that a new trial shall be granted "when without fault of complaining party it becomes impossible to make case-made." The plaintiff filed his subsequent motion or petition for a new trial under this provision, alleging that in fact it was impossible to make case-made, and alleging, in substance, that the plaintiff is a pauper and was unable to pay the court reporter for a transcript of his notes of the evidence and the oral proceedings of the trial; that the reporter would not prepare same without being paid therefor; that the trial judge would not require the reporter so to do, and that the defendant would not agree to aid plaintiff, or agree to permit plaintiff to prepare case-made setting out in narrative form the substance of the testimony and oral proceedings of the trial.

The trial court was of the view that this petition did not entitle plaintiff to a new trial under the subdivision of the statute under consideration, and denied the same.

This question is settled by the prior decisions of this court.   It is not necessary that a case-made contain an exact transcript of the reporter's notes of the evidence or oral proceedings of the trial, but the same may be shown in narrative form, and it is not necessary that the defendant agree to such preparation of the case-made.   This was determined in State ex rel. Wigal v. Wilson, 43 Okla. 112, 141 P. 426.   In that case, as here, the plaintiff was a pauper and suffered an adverse judgment in the trial court.   Being unable to pay the reporter, or to obtain transcript from him without pay, or to obtain a court order requiring the reporter to furnish a transcript, the plaintiff prepared case-made showing the evidence and oral proceedings in narrative form.   Upon defendant's objection the trial court refused to settle the case-made, but settlement thereof was required by this court by mandamus, this court stating in the opinion that:

"The statute nowhere provides that in preparing a case-made the evidence shall be transcribed and included in haec verba or in detail."

That rule was followed in Ragan v. Shannon, 98 Okla. 289, 225 P. 672.   There also

the plaintiff was a pauper, and upon suffering adverse judgment in the trial court, being unable to pay for a transcript of reporter's notes, prepared case-made showing the evidence and oral trial proceedings in narrative form. Over the defendant's objections, the case-made was settled and the appeal lodged. Such case-made withstood defendant's attack in this court, and the plaintiff prevailed on the merits of his appeal.

In Cherry v. Brown, 79 Okla. 215, 192 P. 227, this court also held that evidence and oral trial proceedings may be presented in case-made in narrative form. This court there upheld the right of either party to have a transcript of a reporter's notes, and that the duty to furnish transcript of notes was "imposed upon the court reporter upon the request of counsel or a party, provided, of course, the reporter's fees are tendered or arranged, except in criminal cases mentioned in section 1788, R. L. 1910" (section 3823, O. S. 1931), In that case, as here, the party desiring to appeal neglected to prepare his case-made in narrative form, and sought to rely upon his failure to obtain the reporter's transcript within the time he thought he should have received it. Since he could have so prepared the case-made in narrative form, this court held that he was not entitled to a new trial under the subdivision of the statute relied upon there and relied upon in this case by the plaintiff.

In Peck v. McClelland, 65 Okla. 116, 166 P. 78, this court granted a new trial under this subdivision of the statute, on account of the loss of papers and documents which could not be substituted. On that account it was impossible to make a case-made. However, that decision does not support plaintiff's contention here, in view of the rules stated and language used in the cases formerly cited.

In this case the plaintiff should have proceeded with the preparation of his case-made, stating the evidence and oral proceedings in narrative form, if unable to obtain a transcript of the reporter's notes. He was not excused from so doing because his adversary would not agree thereto in advance. His adversary had the right to present objections to the settlement of the case-made as was done in the Wigal Case and Ragan Case, supra. Notwithstanding such objections, however, the case-made could have been settled or required to be settled by mandamus, and the appeal properly lodged.

The action of the trial court in denying plaintiff's petition for new trial upon the alleged ground that, without fault, it had become impossible to make a case-made, was free from error, and that order of the trial court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and BUSBY, JJ., concur.