## R. & R. MOTOR CO. v. KINGS, Inc.

No. 23368.    Oct. 16, 1934.

Ralph D. Smith, for plaintiff in error.

Massingale, Duff & Bailey, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the court below. Plaintiff sued defendant in a replevin action, and the trial resulted in a judgment in favor of the defendant. Plaintiff filed its motion for new trial, which was overruled, and plaintiff gave notice of appeal, time being allowed by the court for making and serving case-made.

It appears from the record that the court reporter, upon the request of the attorney for the plaintiff, furnished plaintiff's attorney with what purported to be a transcript of the testimony of the witnesses. Plaintiff's attorney complained that the court reporter had failed to report the testimony of some of the witnesses accurately, and that, accordingly, the transcript of the testimony which was furnished plaintiff's attorney was inaccurate in some respects. The record discloses that plaintiff's attorney had one or two conversations with the trial judge and the reporter in connection with such alleged inaccuracies, and upon the direction of the trial judge certain corrections were made. Plaintiff's attorney orally requested the trial judge to make certain other corrections, and the trial judge told him to reduce to writing the substance of the testimony that the plaintiff believed was either inaccurately reported and transcribed or omitted by the reporter. This the plaintiff failed to do and failed to serve case-made upon the defendant or have any case-made settled.

Thereupon plaintiff filed its motion for new trial, under section 572, subdiv. 9, C. O. S. 1921 (sec. 398, subdiv. 9, O. S. 1931), setting up as its ground therefor, "that it has become without fault of plaintiff impossible to make a case-made in said cause" * * * and it is from the order overruling this motion that plaintiff brings error.

There is no evidence that the plaintiff complied with section 792, C. O. S. 1921 (O. S. 1931, sec. 541), nor is there any reason assigned in the record for plaintiff's failure to comply with the above cited section of the statutes.

Section 792, C. O. S. 1921 .(O. S. 1931, sec. 541), provides:

"In case the trial judge shall refuse to include any statement in a case-made which a party thereto, or his attorney, contends is correct, such party or his attorney, may file in the said court an affidavit setting forth the matters in dispute and the fact that the trial judge has refused to include such facts in the case-made, and thereupon said judge shall be disqualified to determine the facts set forth in said affidavit, and a special judge shall be elected or appointed, as in other cases of disqualifications of the judge, who shall hear the evidence and make an order with reference to the facts in dispute, which order shall be included in the case-made, and shall constitute the

facts recited in said order. In case the trial judge is not in session and will not be in session in time to allow the completion of the case-made in time to file the same in the appellate court, the appellate court or any justice thereof, may, upon notice and hearing, settle the facts in dispute and make the order to be included in the case-made."

As suggested, plaintiff failed to comply with the above-quoted section of the statutes. Nor is it claimed by the plaintiff that the alleged omitted testimony of the witnesses could not have been supplied, or that the alleged inaccurately reported testimony could not have been corrected. We do not hold that, in every instance where a court reporter may be unable to furnish an accurate record of the proceedings, including the evidence before the trial judge, the party complaining must file his affidavit as provided for in the section of the statutes above quoted. The losing party has a right to a transcript of the reporter's notes of the evidence, either for use in putting the evidence in narrative form, or incorporating the transcript in haec verba in the case-made. Cherry v. Brown, 79 Okla. 215, 192 P. 227, 13 A. L. R. 92; Harris v. First National Bank, 140 Okla. 269, 282 P. 1097. And we can conceive of instances where the reporter may furnish what purports to be a transcript of the evidence, and by reason of his incompetence has failed to properly report the testimony of witnesses, and where the trial may have been a lengthy one with a great number of witnesses, or the testimony of witnesses may be of such a nature that it is impossible to remember the substance of what they testified to. In such a case it might be impossible to comply with the section of the statutes above quoted.

We hold, therefore, that a motion for new trial based upon the ground that it has become impossible for the complaining party to make and serve a case-made, is addressed to the sound discretion of the trial court. The ruling of the court thereon will not be reversed unless it is made to appear that there was a clear abuse of discretion in denying the motion for new trial. Whitling v. Parshall, 120 Okla. 121, 252 P. 395. The complaining party must comply with section 792, C. O. S. 1921 (O. S. 1931, sec. 541), unless from the very nature of the case, the testimony of the witnesses given upon the trial and all the other circumstances, the court, in the exercise of its discretion, is satisfied that the complaining party is unable to prepare a correct and adequate record of the proceedings, including the evidence, before the trial court,

necessary for consideration by the appellate court.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Saul A. Yager, W. L. Eagleton, and Roscoe E. Harper in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Yager and approved by Mr. Eagleton and Mr. Harper, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.