## GIBSON et al. v. CITY OF CHICKASHA.

No. 22373.   Dec. 27, 1934.

Rehearing Denied April 2, 1935.

Blanton, Osborn & Curtis, for plaintiffs in error.

J. D. Carmichael and Barefoot & Carmichael, for defendants in error.

BUSBY, J. This is an appeal from an order of the district court of Grady county denying a petition for a new trial under the 9th subdivision of section 398, O. S. 1931. This subdivision provides for a new trial: "When without fault of complaining party it becomes impossible to make a case-made."

The record discloses the following state of facts:

Judgment was rendered against the plaintiffs in error (plaintiffs below) on October 16, 1926. Motion for a new trial was filed on October 19, 1926, but not acted upon by the court until October 8, 1927, at which time it was overruled and notice of appeal to this court was duly given. Time for preparing and serving case-made was extended by the court for a period of 90 days. On November 4, 1927, the attorneys for plaintiffs in error wrote the court reporter, who had taken the evidence, requesting that he furnish them by return mail an estimate of the cost of a complete case-made. He answered on the 5th of November, 1927, advising that his notes were at Lawton and the exhibits were at Chickasha and that he would not be in a position to quote accurate figures, but thought it would be about $200. On December 3, 1927, attorneys for plaintiffs in error secured a further extension of 60 days in which to prepare and serve case-made. On January 26, 1928, the attorneys for plaintiffs in error again wrote the reporter directing him to start work at once on the case-made and advised him that they would procure from their clients a deposit of $100 thereon, and on January 28, 1928, the court reporter advised these attorneys that he had just returned from Lawton and had found

that his shorthand notes had been stored in the basement of the courthouse, where, due to a flood, they had been destroyed, and that he was unable to prepare a case-made. Thereupon, on February 11, 1928, the attorneys for plaintiffs in error prepared and filed a petition for a new trial under section 402, O. S. 1931. The defendant in error filed a demurrer thereto, which was overruled. The defendant in error then filed an answer, in the nature of a general denial; the matter was tried to the court upon these pleadings on November 29, 1929, and the petition was denied.

We deem it necessary to discuss but one question presented, to wit:

"Was the petition for new trial filed within statutory time"?

Section 398, O. S. 1931, sets forth and defines grounds for a new trial, and the ninth ground is: "When without the fault of the complaining party it becomes impossible to make a case-made." The application for new trial under this section of the statute is required, by section 401, O. S. 1931, to be made by motion. By the provisions of section 400, O. S. 1931, this motion for new trial must be filed at the term and within three days after the trial, verdict, or decision. There are two exceptions to this provision, namely: (1) Newly discovered evidence; and (2) impossibility of making case-made.

The exceptions to the three day time for filing set forth in section 400, supra, are further provided for by section 402, O. S. 1931. The Legislature evidently had in mind that it is sometimes impossible for a litigant to learn of new evidence which would be material to the complaining party within the three-day period or term time, or that it is impossible to learn that a case-made cannot possibly be made. For this reason and in order to grant a more liberal extension of time as to these two grounds only, section 402, supra, was enacted.

The application for new trial upon the ground of impossibility to make and serve case-made filed in this case was by way of petition filed after the term expired as provided by section 402, O. S. 1931.

Judgment in this case was rendered October 16, 1926, and was entered of record October 23, 1926. Motion for new trial was overruled October 28, 1927. Under the doctrine laid down in the case of Price v. Sanditen, decided November 13, 1934, 170 Okla. 75, 38 P. (2d) 523, we held that a judgment becomes final after the motion for new trial is overruled. In the case at bar the motion for new trial was overruled October 28, 1927, and petition for new trial upon the ground of impossibility of making case-made was filed February 11, 1928. This was less than one year after final judgment in the case as we have defined final judgment. We therefore hold that the petition for new trial upon the ground of impossibility of making case-made as provided in section 402, supra, was filed within 12 months from final judgment in the case.

The next question to determine is whether or not a new trial should have been granted under the facts set out above. An examination of the record discloses that through no fault of plaintiffs in error it became impossible for them to make the case-made. This was caused by the destruction of the reporter's notes. The notes were destroyed by a flood and not through fault of complaining parties. It is shown by the evidence in the case at bar that the trial occupied some two or three days and a large volume of intricate and technical engineering testimony was introduced. Also that it was impossible for the parties to recall the evidence with any degree of certainty in narrative form. It was not slight, ordinary, or gross negligence on the part of plaintiffs in error to rely upon the court reporter to furnish a transcript of the evidence and proceedings for the purpose of incorporating same in case-made for appeal within the time allowed by law or by the court within which to make and serve case-made. Under such state of facts, the statute prescribes that the movant is entitled to a new trial. This is a wise provision in our statutes in that it does not penalize the party who, through no fault of his own, is unable to perfect his appeal by reason of not being able to make a case-made. But in this connection we deem it important to mention that before the petition for new trial herein was filed on the ground of impossibility of making case-made, plaintiffs in error showed diligence and good faith in making an attempt to appeal. The record shows that they took all necessary steps to perfect their appeal. After motion for new trial was overruled, they took time in which to make case-made and kept the appeal alive.

We therefore hold that the petition for new trial was filed within the statutory time, and that under the evidence introduced a new trial should have been granted. For these reasons, the judgment of the trial court refusing a new trial is reversed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and WELCH, JJ., con-

´cur. RILEY, C. J., and BAYLESS, J., dissent. OSBORN, J., disqualified.

---

### Supplemental Opinion on Rehearing.

WELCH, J. Our attention is directed to two cases decided by this court since the original briefs were prepared herein, to wit: Jones v. Duncan, 168 Okla. 598, 35 P. (2d) 451, and R. & R. Motor Co. v. Kings, Inc., 169 Okla. 231, 36 P. (2d) 900. Our opinion here is not contrary to either of those decisions, nor any departure of the rule in thos cases.

In Jones v. Duncan, supra, the appellant did not rely upon a showing of impossibility of making case-made, but rather on the inability of his client to pay for and obtain a transcript of the reporter's notes. There was an attempt to rely upon a right to have a transcript of the reporter's notes without charge therefor, but there was no specific showing that a case-made could not be made without such transcript of the stenographic notes.

In R. & R. Motor Co. v. Kings, Inc., supra, the appellant obtained from the reporter a transcript of his notes of the testimony of the witnesses. The appellant deemed this transcript to be inaccurate in some respects. His attorney complained thereof to the reporter and the trial judge. Certain of the desired corrections were made. As to others, he was directed to reduce his views and requests to writing. This he did not do, but instead sought a new trial for impossibility of making case-made. In the opinion it was pointed out, in substance, that appellant should have proceeded as the trial court directed, and that if necessary he might have proceeded under section 541, O. S. 1931, to settle any controversy as to the correct statement of the testimony of a witness. Obviously, there the attorney must have had a fairly clear recollection of the material details of the testimony, else he could not and would not have presented his pointed criticism of the details in the transcript. Upon that same recollection he could and should have proceeded in the preparation of his case-made. The opinion reflects no character of showing that he was unable to do so.

In the case at bar there was no attempt to rely on a right to the transcript without charge, there was ample proof that it was impossible to transcribe the notes because they had been destroyed without fault of the party desiring to appeal. There was here no attempt to rely on errors in the transcript; there was no transcript and none could possibly be made. There was here a showing of the reasons why it was impossible to make a case-made without the transcript of the reporter's notes, together with opinion evidence, well-founded, that it was impossible to so prepare a case-made.

The mere lack or absence of a transcript of the reporter's notes, or the inability or impossibility of procuring such transcript alone, does not confer the right of a new trial. The party desiring to rely on the applicable provision of the statute must go further and show that it is impossible, without his fault, to make a case-made. That showing was made here and not refuted. The petition for rehearing should be, and is, denied.

McNEILL, C. J., and BUSBY, PHELPS, and CORN, JJ., concur.