## GODFREY v. F. D. BEARLEY LBR. CO.

No. 24714.   April 9, 1935.

Fred Davis, for plaintiff in error.

Charles B. Selby and Max M. Fagin, for defendant in error.

PER CURIAM. The parties will be referred to herein as they appeared in the trial court. The plaintiff sued the defendant for a balance due for material it claimed to have sold the defendant. The amount was not in controversy. It was stipulated at the trial that the only question for the court to determine was whether the account was a proper charge against the defendant, and whether the defendant did or did not order or authorize the purchase of the material.

The parties in open court selected and agreed to the Hon. Warren K. Snyder, as a special judge to try said cause, and waived a jury, and waived having the testimony of the witnesses taken by a court reporter.

Both parties offered the testimony of a number of witnesses, and at the conclusion of the trial the court rendered its decision for the plaintiff and judgment was entered against the defendant for the amount found due. The defendant filed a motion for a new trial within the time allowed by statute; this motion was overruled by the court December 7, 1932. The order overruling the motion shows that the defendant gave notice in open court of his intention to appeal to the Supreme Court and was given 90 days to make and serve a case-made, the plaintiff to have three days thereafter to suggest amendments, the same to be settled and signed on three days' notice.

The record further shows the following:

"And thereafter, and on, to wit, the 21st day of November, 1932, said cause was duly submitted to the Honorable Warren K. Snyder, trial judge, and at said trial the evidence was introduced and proceedings had as shown by the 'bill of exceptions,' duly settled in said cause, which together with all the indorsements thereon being in words and figures as follows, to wit."

This is followed by a recital of the proceedings at the trial, with the testimony of numerous witnesses set out in narrative form. At the close appears the following:

"That the above and foregoing contains the substance and effect of all of the material evidence introduced on said trial, and sufficient of evidence and proceedings to present the errors complained of by defendant, to wit, rendition of judgment herein against defendant D. V. Godfrey for recovery of value of said material and cement sued for."

This so-called bill of exceptions was filed with the clerk of the district court on February 7, 1933. On March 1st, and at a succeeding term of the district court, the defendant filed a petition to vacate the judgment and grant a retrial of said cause. This petition was substantially on the same grounds as set out in the defendant's mo-

tion for a new trial, and in addition the defendant claimed that the bill of exceptions filed in said case, purporting to be a record of the trial, did not correctly recite the evidence submitted at the trial. The defendant submitted affidavits of witnesses in support of the allegation of his petition. A summons was issued, served on the plaintiff, and a hearing was had before the Honorable Jesse Worten, a district judge specially assigned to hold court in Oklahoma county. The parties appeared by their respective counsel, and after a hearing the petition to vacate the judgment was denied.

We are met at the outset of this case with a motion by the defendant in error to strike the so-called bill of exceptions from the record or case-made on the ground that the purported bill of exceptions was reduced to writing and filed after the term of court when such proceeding was tried, and no order of court made extending the time within which the exceptions could be reduced to writing.

Section 566, C. O. S. 1921 (384, O. S. 1931), is as follows:

"The party objecting to a decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term. If the decision objected to is made in vacation or at chambers, the judge may give time to reduce the exception to writing, not exceeding ten days."

Section 569, C. O. S. 1921 (387, O. S. 1931), provides as follows:

"Where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing, and present it to the judge for his allowance. If true, it shall be the duty of the judge to allow and sign it; whereupon it shall be filed with the pleadings as a part of the record, but not spread at large on the journal. If the writing is not true, the judge shall correct it or suggest the correction to be made, and it shall then be signed as aforesaid."

This case was tried in the court below on November 24, 1932. This was the September term of Oklahoma county district court, which expired on the first Monday of January, 1933. The bill of exceptions was reduced to writing, signed by the trial court and filed with the clerk of the district court on February 7, 1933, during the succeeding January, 1933, term of said court.

"A bill of exceptions signed after the term at which the judgment is rendered, without the consent of parties, or an express order of the court to that effect, made during the term, cannot be considered as a part of the record in the case." Western Investment Co. v. Mayberry, 23 Okla. 79, 99 P. 652.

"Where no time is asked or granted for reducing exceptions to writing at the time the decision excepted to is made, there is no authority for signing and allowing a bill of exceptions and making it a part of the record proper after the expiration of the term." Lampton v. Johnson, 40 Okla. 492, 139 P. 526; Liquid Carbonic Co. v. Rodman, 52 Okla. 211, 152 P. 439.

"Where a bill of exceptions is not presented to the trial judge to be allowed and signed until after the expiration of the succeeding term of court at which the judgment is rendered, and after the expiration of the time granted within which to present the same, a motion to strike such purported bill of exceptions from the record and affirm the judgment will be sustained in the appellate court." International Bank & Trust Co. v. Farmer et al., 23 Okla. 632, 102 P. 699.

"There are two ways of bringing a record to this court in support of a petition in error: (a) The party appealing may attach to his petition in error a case-made containing all the record, including evidence and statements of the exceptions, without the necessity of having the exceptions reduced to writing, allowed, and signed by the trial judge; (b) or the appealing party may attach to his petition in error a transcript of the record, and if he desires to bring to this court any part of the record, other than the pleadings, the process, the return, reports, verdict, orders, and judgments, as provided for in section 5146, R. L. 1910 (section 688, C. O. S. 1921), he must incorporate the same into the record by a bill of exceptions." Vann et al. v. Union Central Life Insurance Co. et al., 79 Okla. 17, 191 P. 175.

Case-made need not contain transcript of court reporter's notes of evidence and proceedings, but evidence and all proceedings may be reproduced in narrative form from memory of court and counsel and incorporated in case-made (St. 1931, sec. 398, subd. 9). Jones v. Duncan, 168 Okla. 98, 35 P. (2d) 451; Wigal v. Wilson, 43 Okla. 112, 141 P. 426; Ragan v. Shannon, 98 Okla. 289, 225 P. 672.

Section 784, C. O. S. 1921 (533, O. S. 1931), provides as follows:

"A party desiring to have any judgment or order of the county, superior or district court, or a judge thereof, reversed by the Supreme Court, may make a case, containing a statement of so much of the proceedings and evidence, or other matters in

the action, as may be necessary to present the errors complained of to the Supreme Court."

The record in this case was settled and signed within the time granted by a valid extension of time made by the court. It contains the following recital:

"That the above and foregoing contains the substance and effect of all of the material evidence introduced on said trial, and sufficient of evidence and proceedings to present the errors complained of by defendant, to wit, rendition of judgment herein against defendant D. V. Godfrey for recovery of value of said material and cement sued for."

The record is marked "Exhibit A. Case-Made," and is attached to the petition in error. It is certified as a full, true, correct, and complete case-made, the certification being in substantial compliance with the Supreme Court rules.

Motions to dismiss are not looked on with favor. Vann et al. v. Union Central Life Insurance Co., 79 Okla. 17, 191 P. 175.

The record is sufficient to constitute a case-made, and we will treat it as such.

There are but two questions properly presented to this court by the assignment of errors:

First. The order of the district court overruling defendant's petition to vacate the judgment rendered and grant a new trial.

Second. The order of court overruling defendant's motion for a new trial.

The petition for a new trial filed after the term was evidently brought under section 576, C. O. S. 1921 (402, O. S. 1931), and two grounds were argued by plaintiff in error and these two alone will be considered: First, that of the impossibility of making a case-made without fault of the complaining party, arising after the term. The evidence of the witnesses produced at the hearing on the petition to vacate the judgment could have been presented to the trial judge for incorporation in the case-made under the provision of section 792, C. O. S. 1921, section 541, O. S. 1931, which provides as follows:

"In case the trial judge shall refuse to include any statement in a case-made which a party thereto, or his attorney, contends is correct, such party, or his attorney, may file in said court an affidavit setting forth the matters in dispute, and the fact that the trial judge has refused to include such facts in the case-made, and thereupon said

judge shall be disqualified to determine the facts set forth in said affidavit, and a special judge shall be elected or appointed, as in other cases of disqualification of the judge, who shall hear the evidence and make an order with reference to the facts in dispute, which order shall be included in the case-made, and shall constitute the facts recited in said order. In case the trial court is not in session and will not be in session in time to allow the completion of the case-made in time to file the same in the appellate court, the appellate court or any justice thereof may, upon notice and hearing, settle the facts in dispute and make the order to be included in the case-made."

The defendant failed to comply with the above-quoted statute. The case-made was in fact prepared in this case, and if the defendant considered it incomplete, or that material testimony was omitted, he should have proceeded under section 792, O. S. 1921, supra. The difficulty in preparing a case-made did not arise after the term and without fault of the complaining party. The record shows that both parties waived having the testimony of the witnesses taken by a court reporter. It was not error for the district court to refuse to vacate this judgment. R. & R. Motor Co. v. Kings, Inc., 169 Okla. 231, 36 P. (2d) 900.

The second ground urged by the plaintiff in error is newly discovered evidence which is set out in the affidavits attached to his petition.

This court, in an unbroken line of decisions, has held that the granting of new trials on the grounds of newly discovered evidence, exacts that the evidence fulfil the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence. See Vickers v. Phillip Carey Co., 49 Okla. 231, 151 P. 1023; Hobbs v. Smith et al., 27 Okla. 830, 115 P. 347, 34 L. R. A. (N. S.) 697; McCants v. Thompson, 27 Okla. 706, 115 P. 600; Hodges v. Armstrong, 153 Okla. 11, 4 P. (2d) 735.

It does not appear that the evidence could not have been discovered by the defendant before the trial by the exercise of due diligence. The evidence was merely cumulative to the testimony of witnesses who testified at the trial. The trial court prop-

erly refused to vacate the judgment and grant a new trial.

There is direct conflict in the testimony of the witnesses for the plaintiff and defendant. Two witnesses testified in substance that the defendant authorized the purchase of the material which the plaintiff claims it sold to the defendant, D. V. Godfrey. The witness F. D. Bearley testified that after the material was sold and delivered, he wrote several letters to the defendant; that he had several conversations with the defendant concerning the account; that the defendant never questioned the account or its being a proper charge against him; that the defendant asked Mr. Bearley to take back certain material and give him credit for it, which was done. There is other evidence corroborating the plaintiff's witnesses. The defendant denied that he purchased the material or authorized its purchase, and there is evidence of other witnesses corroborating the testimony of the defendant. It would serve no useful purpose and would extend this opinion to undue length to set out this testimony more fully. It is sufficient to say that there is a direct conflict in the testimony of plaintiff's witnesses and defendant's witnesses.

The Constitution of the state of Oklahoma, art. 7, sec. 20, provides:

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury; in which case the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury."

This court has uniformly held that in law actions, where a jury is waived and the cause submitted to the trial court, a general finding in favor of one of the parties will be given, on appeal, the same weight and effect as the verdict of the jury. Baxter v. Board of County Com'rs, 113 Okla. 285, 241 P. 758; Squires v. Wesco Supply Co., 93 Okla. 138, 219 P. 895; Schaff v. McGuyre, 87 Okla. 41, 208 P. 263.

If there is any competent evidence reasonably supporting the judgment of the trial court, the Supreme Court will not weigh conflicting evidence for the purpose of determining the sufficiency thereof. Beard v. Herndon, 84 Okla. 142, 203 P. 226; Anicker v. Doyle et al., 84 Okla. 62, 202 P. 281; Lieberman v. Merring, Martin & Boise Co., 84 Okla. 168, 203 P. 1045; Yeager v. Jackson, 162 Okla. 207, 19 P. (2d) 970; and Temple et al. v. Dugger, 164 Okla. 84, 21 P. (2d) 482; Broswood Oil & Gas Co. v. Mary Oil & Gas Co., 164 Okla. 200, 23 P. (2d) 387.

In an action at law, tried to the court without a jury, the finding of the court will be given the same weight as the verdict of a jury; and where there is competent evidence reasonably supporting the judgment, and no error of law is shown, the judgment will not be disturbed on appeal. Mulkey et al. v. Anglin et al., 166 Okla. 8, 25 P. (2d) 778; Redd v. Warehime, 166 Okla. 128, 26 P. (2d) 142.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. L. Zinser, M. C. Garber, and R. W. Simons in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Zinser and approved by Mr. Garber and Mr. Simons, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.