## BAUMGART v. BRYANT et al.

No. 28245.    March 21, 1939.

Wm. T. Powell, for plaintiff in error.

Walter Hubbell, for defendants in error.

DANNER, J.    Two actions were consolidated for trial, and the defendants recovered a verdict and judgment in each case. The plaintiff filed her motion for new trial, which was overruled, whereupon she served notice of intention to appeal to the Supreme Court, and instructed the court reporter to prepare the case-made, and made a deposit thereon. When the reporter had completed the case-made it was discovered that the instructions which had been given by the trial judge to the jury, and also the deposition of plaintiff, were lost and not included therein. The plaintiff then filed her motion for new trial under section 402, O. S. 1931, 12 Okla. St. Ann. sec. 655, on account of the impossibility of making a case-made. A hearing was had on this "petition for new trial after term," and the petition was overruled, and new trial denied, from which order the plaintiff appeals. Defendant Z. T. Bryant has died and the action as against him has been revived in the name of his administratrix, Zaida Bryant.

The plaintiff's contention is simply that she was entitled to a new trial under the circumstances as a matter of law, being unable to file a proper case-made so as to perfect her appeal. We are of the opinion

that, under the circumstances disclosed by the record, she should have been granted a new trial.

Section 398 (subdivision 9) O. S. 1931, 12 Okla. St. Ann. sec. 651, provides in substance that a new trial shall be granted if the substantial rights of a party are affected materially, when it is impossible for the complaining party to make a case-made, if he is without fault. Section 402, O. S. 1931, 12 Okla. St. Ann. sec. 655, provides the same remedy when the impossibility of making a case-made arises after the term in which final judgment was rendered. The petition in the instant case was filed under the latter section. It was filed within one year after final judgment had been rendered, as required by the section.

There are several requirements imposed upon the complaining party in order that he may be entitled to a new trial under such circumstances. One is that he himself must be without fault in the premises. He must be diligent; he must show that it was impossible to prepare the case-made; if the impossibility of preparing the case-made is due to a loss of reporter's notes, exhibits, papers, or other material substance, then he must show that such lost papers cannot satisfactorily be substituted.

The plaintiff by uncontroverted evidence met such burden in the instant case. The court reporter testified that the instructions and the deposition were completely missing. Plaintiff's attorney testified that he made diligent search through the files in his office and in other places where the instruments or copies thereof might be found and was unable to locate them; that he did all things which he could have done, and all that he knew to do, in order to obtain copies of the instruments; furthermore, that he endeavored to obtain stipulations as to what they were, but had been unable to agree (presumably with his opponent) on such proposed stipulation. This testimony was not disputed, and we cannot say that it was inherently improbable.

This, to us, appears to bring the plaintiff within the provisions and purposes of the statute. She was entitled by law to her appeal, she could not properly appeal without the instructions and her own deposition testimony being included in the case-made, and it was without her fault that these papers were lost. This court has recently had occasion to consider this subject in the case of Gibson et al. v. City of Chickasha, 171 Okla. 284, 43 P.2d 95. There the reporter's notes had been destroyed during the time in which an appeal

could otherwise have been perfected. The trial judge refused to grant a new trial, and this court reversed that judgment, saying:

"Under such state of facts, the statute prescribes that the movant is entitled to a new trial. This is a wise provision in our statutes in that it does not penalize the party who, through no fault of his own, is unable to perfect his appeal by reason of not being able to make a case-made. But in this connection we deem it important to mention that before the petition for new trial herein was filed on the ground of impossibility of making case-made, plaintiff in error showed diligence and good faith in making an attempt to appeal."

The plaintiff did likewise in the present case. Reference is made to that decision for a thorough discussion of the question here involved.

In Peck v. McClelland, 65 Okla. 116, 166 P. 79, the question now under consideration was also considered, and the same conclusion was announced. We deem it unnecessary to repeat the reasoning therein employed.

The defendant contends, however, that in spite of the foregoing the present order should not be reversed, due to certain principles of review. He calls attention to the fact that the plaintiff, in her first motion for new trial, did not attack the correctness of the instructions, and so would be in no position to complain thereof, even if her appeal had been perfected. But the plaintiff did complain, in her first motion for new trial, of the failure of the trial judge to give a general instruction on the law of agency as applied to the facts in the case. That complaint was, not as to an instruction which **was** given, but about one which, she says, was **not** given. The result is that the presence of the instructions in the case-made would have been necessary, in case her appeal had been perfected, in order that this court could determine whether the judge had given any instruction at all on the question of agency. If it so happened that he failed to give any instruction at all on that issue, the ground alleged in the motion for new trial (failure to instruct on the law of agency) would have been sufficient to challenge the attention of the court to that fact, and the entire absence of the instructions from the case-made, when same reached this court on appeal, would have prevented a review on that question. Therefore plaintiff was faced with the necessity of incorporating the instructions in the record, without which instructions her contention, which

she did raise, concerning the failure to give a general instruction on the applicable law of agency, would have been unreviewable, and the effectiveness of her appeal would have been nullified without any fault of her own. Her contention that the inclusion of the instructions was necessary to the proper prosecution of her appeal is entirely correct.

But, even so, says the defendant, the plaintiff requested no special instruction on that issue, and therefore cannot avail herself of the failure of the trial judge to instruct thereon, citing Chicago Live Stock Commission Co. v. Fix, 15 Okla. 37, 78 P. 316; Harris et al. v. Smith, 149 Okla. 277, 300 P. 392, and Carter v. Bond & Bond, 174 Okla. 28, 49 P.2d 701. In view of that rule the defendant argues that even though the instructions had been included in the record, the plaintiff could not have reversed the cause, in the absence of a requested instruction. If the rule were of unvarying application, the defendant's reasoning would be correct, but such is not the case. A party does not necessarily, in all cases, surrender the right to a review of an erroneous instruction because he has not requested a correct one. On this subject confusion sometimes occurs, and a partial review of some of our decisions will be of some benefit.

The rule concerning necessity of requests for instructions does not apply to instructions as to the law applicable to the issues raised by the pleadings and the evidence. Such has always been the rule in this state. It does apply in certain other instances, and may, of course, apply in instances other than the ones hereinafter enumerated. The distinction as to when the rule is applicable and when it is not is stated in Dunnington v. Loeser, 48 Okla. 636, 149 P. 1161, 150 P. 874, and reannounced in Hopkins v. Stites, 70 Okla. 177, 173 P. 449, in this language:

"The petition also insists that, inasmuch as the defendant did not request a proper instruction, it is now too late to complain because one was not given. But we understand the rule to be, if the instruction given is correct, and either party wants the law more fully stated upon the doctrine upon which the court is charging, then, before they can be heard to complain, they must request such instruction as they desire given. But if the court undertakes to instruct the jury as to the law, and does so incorrectly, this is prejudicial error. Chicago, R. I. & P. Ry. Co. v. Baroni, 32 Okla. 540, 122 P. 926; St. L. & S. F. R. Co. v. Crowell, 33 Okla. 773, 127 P. 1063;

Robinson v. McIver et al. (Tex. Civ. App.) 23 S. W. 915." .

In that case the rule was announced in the 3d syllabus:

"If a court undertakes to instruct a jury as to the law and does so incorrectly, such error is not cured or waived by failure to request a proper instruction as to the law."

In Mutual Refining Co. v. Union Refining Co., 124 Okla. 286, 255 P. 1015, it was held that:

"Whether requested or not, it is the duty of the trial court to state to the jury in its general instructions the law applicable to the issues raised by the pleadings and the evidence adduced upon the trial. Failure to do so constitutes reversible error. * * *"

A clear impression of the distinction is gained by comparing St. Louis & S. F. R. Co. v. Crowell, 33 Okla. 773, 127 P. 1063, with Oklahoma Producing & Refining Corp. v. Freeman, 88 Okla. 166, 212 P. 742. In the first case mentioned it is said that:

"Where an instruction is correct as far as it goes, but it is insisted that, under the facts in the case, additional instructions should have been given on plaintiff in error's theory, a reversal will not be had unless a supplemental instruction is requested embodying such theory."

But, using the language of the Oklahoma Producing & Refining Case:

"Where the court undertakes to instruct a jury as to the law, and does so incorrectly, such error is not cured or waived by the failure to request a proper instruction as to the law. Unquestionably this is the correct rule if the erroneous instruction is such as is calculated to mislead the jury. * * *"

Time and again we have emphasized the foregoing. In City of Tulsa v. Dickson et al., 166 Okla. 206, 26 P.2d 920, wherein it was held that the failure of the trial judge to instruct on the particular issues involved was prejudicial error notwithstanding the absence of a request therefor, we said:

"Neither of the parties to the action requested of the court an instruction upon the correct rule of law. We have cases holding that the failure of the appealing party to request correct instructions upon the material issues involved precludes him from complaining of the alleged error of the court in its instructions to the jury upon said issue. Potts v. Zolinger, 79 Okla. 262, 192 P. 1099. On the other hand, we have held that the failure of the court to instruct the jury upon some material issue in the case is fundamental error. Jackson v. Peddycoart, 98 Okla. 198, 224 P.

689; Younger v. Blanchard Hardware Co., 120 Okla. 279, 251 P. 56; and McMullen v. Holcombe, 125 Okla. 178, 256 P., 888. **There is a distinction between an incorrect instruction and the entire failure to instruct upon an issue."**

There is no necessity of, nor any attempt at, laying down any all-inclusive rule in the present opinion. Probably among the cases other instances may be found, or other instances may later arise, where a request for an instruction may or may not be necessary in order to preserve ground for review. But, whatever may be said, it is clear from the foregoing authorities that such request is not necessary where (a) the court undertakes to instruct the jury as to the law, and does so incorrectly, or (b) where there is an entire failure to instruct upon a material issue made by the pleadings and the evidence.

It was the duty of the court to give a general instruction on the applicable law of agency "whether requested or not" (Mutual Refining Co. Case, supra), just as it was held the duty of the court in the above authorities to instruct on the law of negligence, the meaning of proximate cause, and the other issues of law involved in those cases. The loss of the instructions, and the fact that they could not be incorporated in the record, would have deprived plaintiff of her right to raise the question. Not only would this court have been ignorant of whether any instruction on the issue was given at all, but it also would have had no means of determining whether the instruction, if given, was "correct as far as it goes," as expressed in the Oklahoma Producing & Refining Company Case, supra. We therefore conclude that the case falls clearly within that class wherein the right of review is not lost by failure to request an instruction on a material issue formed by the pleadings. It should be borne in mind, however, that the question whether an instruction on this issue was or was not in fact given, or whether, if given, it was correct, is beyond the scope of the specific question involved in this appeal.

Furthermore, we have not discussed the possible importance of the deposition which was lost and could not have been incorporated in the case-made. In view of the foregoing, such discussion is not necessary, but the subject suggests even stronger reasons why the plaintiff, having lost the benefit of effective appeal, should have been granted a new trial.

The judgment is reversed and the cause is remanded, with directions to grant a new trial.

BAYLESS, C. J., and RILEY, OSBORN, and GIBSON, JJ., concur.