## J. H. TAYLOR TRUST et al. v. DRIGGS.

### No. 31215. Dec. 7, 1943.

*143 P. 2d 806.*

Hughey Baker, of Tulsa, for plaintiffs in error.

F. E. Riddle, of Tulsa, for defendant in error.

CORN, C. J. This is an appeal from an order granting a new trial, because the court reporter could not furnish a case-made on account of having lost the shorthand notes.

Plaintiffs in error have briefed this case upon an erroneous assumption of fact; that the motion for new trial was not filed until after the expiration of the term of court.

The record shows, as amended, that said motion was filed during said term, so we will not discuss any of those assignments of error.

At the time the brief of the plaintiffs in error was filed in this court, January 20, 1943, the case-made show-ed the motion for new trial was filed on the 11th day of July, 1942, but an order was made on April 20, 1943, correcting the record to show the true filing date as June 15, 1942.

The only assignment of error left is:

"Even though the plaintiff has proceeded as required by the statute, he failed to show any diligence in the preparation of the record for appeal. . . ."

A part of the journal entry sustaining the motion for a new trial is as follows:

"The court further finds that the plaintiff by and through his attorney of record, F. E. Riddle, did serve on the defendants' attorney, Hughey Baker, a statement of the testimony and preparation for appeal four days prior to the expiration of the six months' period from the date of overruling the first motion for new trial and further finds that defendants' attorney in a period of forty-eight hours thereafter, *examined* the same, acknowledged service thereof, and returned to plaintiff's attorney with suggested amendments to the statement of testimony.

"That thereafter, to wit on the 15th day of June, 1942, the plaintiff filed a second motion for a new trial attaching to the same an affidavit of the official court reporter who reported said case which more fully appeared from the files herein, in which plaintiff stated that the reporter had been unable to make a case-made by reason of the fact that she, the court reporter (Verna De-Armond) had lost her notes; whereupon, on the 18th day of July, 1942, the court heard and decided said second motion for a new trial. The court finds the grounds alleged for a new trial true and sustains the same."

Under the circumstances, the trial court did not commit reversible error in sustaining said motion for a new trial. Where the official court reporter has lost her shorthand notes making it impossible for her to transcribe the evidence, when plaintiff and his counsel are free from negligence and have used reasonable diligence and plaintiff is unable to complete case-made within the time prescribed by law on account of

the loss of the shorthand notes, and is thereby precluded from completing his appeal, he is entitled to a new trial.

12 O. S. 1941 § 651:

" . . .Ninth. When, without fault of complaining party, it becomes impossible to make case-made."

See Cherry v. Brown, 79 Okla. 215, 192 P. 227, and cases cited therein.

Judgment of trial court affirmed.

GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.