MOST WORSHIPFUL PRINCE HALL GRAND LODGE, etc., et al.
v. DRAPER et al.

No. 34213.   Dec. 2, 1952.

Rehearing Denied Jan. 6, 1953.

Application for Leave to File Second Petition for Rehearing Denied Jan. 27, 1953.

*252 P. 2d 434.*

C. R. Nixon, Amos T. Hall, L. J. Bicking, and Primus C. Wade, Tulsa, Chas. P. Gotwals and Cecil E. F. Robertson, Muskogee, and J. J. Bruce, Oklahoma City, for plaintiffs in error.

Disney, Houston, Klein & Melone, by Gerald B. Klein, Tulsa, and O. J. Roberts, Oklahoma City, for defendants in error.

CORN, J. Plaintiffs sued to enjoin defendants from using any secret work, formulae, badges, regalia, or anything resembling same, and to restrain them from conducting a lodge or association in Tulsa, Oklahoma, designated as "Free and Accepted Ancient York Masons," "Free and Accepted Masons," "Masonic Lodge," "Mason," or other words of colorable imitation thereof. All lodges herein involved are negro Masonic lodges. The individual defendants allegedly associated themselves together as colored Masonic lodges without authority or consent of the plaintiff Grand Lodge.

The original defendants filed answer and cross-petition wherein they sought the same injunctive relief against plaintiffs. Leave was granted The Most Worshipful National Grand Lodge of Free and Accepted Ancient York Masons of the United States of North America (colored) to intervene. Such party is included in the term "defendants" herein, since their interests were and are identical.

After an extensive hearing the trial court denied relief to either side, but assessed costs to plaintiffs, who filed motion for new trial and appealed from the judgment entered.

Shortly after the trial one of the reporter's stenographic notes, covering the oral testimony of all plaintiff's witnesses and one defense witness, were discovered to be missing. A lengthy hearing to investigate the matter revealed only that such notes had been misplaced, lost or stolen. The record on appeal contains depositions of certain of plaintiffs' witnesses and all exhibits offered by the parties. Subsequent to this hearing plaintiffs filed motion for new trial upon the ground of impossibility of making case-made without fault of plaintiffs.

At later hearings the trial court urged the parties to prepare narrative statements of the missing testimony. Defendants complied with such request and the trial court was of the opinion such narrative statements substantially set forth the missing testimony. The defendants' narrative statement of the missing testimony appears in the record before this court. Plaintiffs made no attempt to comply with the trial court's request, but at all times insisted that no narrative statement could accurately present the missing testimony. The motion for new trial was overruled and plaintiffs have appealed upon the single proposition that the trial court erred in denying their motion for new trial based upon the ground of impossibility of securing a case-made. The entire argument of both parties is directed at this proposition, thus waiving the remaining assignments of error.

The testimony of several of plaintiffs' witnesses was presented by deposition. These depositions, which dealt at length with the composition, history and jurisdiction of the colored Masonic Lodges, together with numerous exhibits introduced at the trial, appear in the case-made. Comparison of the recitals in defendants' narrative statement reflects that much of the testimony contained in the missing stenographic notes was merely corroborative of matters contained in the depositions and exhibits.

Defendants willingly co-operated in reducing to narrative form a recital of the missing testimony, and filed their conception of such narrative in compliance with the court's request. Plaintiffs at all times contended it was impossible to supply a proper narrative statement, and urged that defendants would not agree to any narrative

they supplied. Neither did they see fit to offer amendments or corrections to the statement offered by defendants. The trial court heard all of the witnesses, including those whose testimony was not transcribed, and thereafter reviewed the narrative recital of the missing evidence and rendered the present judgment.

Plaintiffs contend the trial court erred in overruling their motion for new trial in view of 12 O.S. 1951 §651, subd. 9, which provides for the granting of a new trial for a cause affecting materially substantial rights of an aggrieved party:

"Ninth: When, without fault of complaining party, it becomes impossible to make case-made."

Supporting such contention plaintiffs rely upon Cherry v. Brown, 79 Okla. 215, 192 P. 227, 13 A.L.R. 92; Okla. Union Ry. Co. v. Dascus, 133 Okla. 83, 271 P. 242; Harris v. First Nat. Bank of Pryor Creek, 140 Okla. 269, 282 P. 1097; Gibson v. City of Chickasha, 171 Okla. 284, 43 P. 2d 95; City of Duncan v. Abrams, Adm'x, 171 Okla. 619, 43 P. 2d 720; Baumgart v. Bryant, 184 Okla. 531, 88 P. 2d 635; J. H. Taylor Trust v. Driggs, 193 Okla. 346, 143 P. 2d 806, and other cases wherein new trials have been granted upon the ground of the impossibility to make case-made.

Defendants rely upon other decisions from this court to the effect that it is unnecessary for a case-made to contain a transcript of the stenographic notes of the evidence, since this may be supplied in narrative form, and motion for new trial based solely upon impossibility to make case-made is addressed to the sound discretion of the trial court. See Jones v. Duncan, 168 Okla. 598, 35 P. 2d 451; Godfrey v. F. D. Bearley Lbr. Co., 171 Okla. 425, 43 P. 2d 478; Seran v. Parker, 177 Okla. 219, 58 P. 2d 581; Smoot v. Mullins, 181 Okla. 505, 75 P. 2d 179.

Without herein attempting to analyze and distinguish the cases relied upon by the respective parties, it is sufficient to observe that (1) mere inability to secure a transcript does not confer a right of new trial; (2) every case considered by the court on the ground of impossibility to make case-made rests upon the facts of the particular case; (3) a proper decision in such cases rests with the sound discretion of the trial court.

The trial court heard all the witnesses, including those who gave the missing testimony, listened to extensive arguments by numerous counsel, and carefully reviewed the narrative recital of those witnesses whose testimony could not be transcribed. Under the circumstances it is clear the trial court conscientiously endeavored to exercise his discretion when overruling plaintiffs' motion for new trial.

However, we are faced herein by somewhat unusual circumstances. The stenographic notes covering the oral testimony given by each of plaintiffs' witnesses was lost. While true that much of the deposition testimony offered by plaintiffs undoubtedly was corroborative of some of the oral testimony, the fact remains that we are called upon to review a judgment based entirely upon the trial court's own recollection of such testimony, considered in connection with the narrative recital of the defendants' attorneys as they, too, recollected the nature and import of the testimony.

Should this court approve the trial court's action as respects denial of plaintiffs' petition for new trial, we then would be called on to attempt to pass upon merits of a controversy without having before us a record which presented first hand the testimony upon which plaintiffs based their right to the relief sought. No matter how conscientious the trial court may have been in his efforts to present a record and avoid another lengthy trial, we are of the opinion the trial court acted beyond his discretion under the particular facts revealed herein, and that his action affected materially substantial rights of the aggrieved par-

ties. The language in the body of the opinion in City of Duncan v. Abrams, supra, is peculiarly applicable to the present situation.

"The question is: Is the record complete enough to show the evidence and the rulings that were made in connection with its introduction. Whether the decisions on questions of law made during the trial were right or wrong the defendant city was entitled to a review of those rulings by this court. If the city was unable, through no fault of its own, to make a record which would present the questions, a new trial should have been granted."

The judgment is reversed and the cause remanded, with directions to grant a new trial.

HALLEY, V. C. J., and WELCH, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur. BINGAMAN, J., dissents.