Martha TURMAN, Plaintiff in Error,

v.

Jerry Edwin PRUITT, Defendant in Error.

No. 40245.

Supreme Court of Oklahoma.

Dec. 15, 1964.

Dick Jones, Charles R. Jones, Jones & Jones, Oklahoma City, for plaintiff in error.

Wm. G. Smith, Fenton, Fenton, Smith & McCaleb, Oklahoma City, for defendant in error.

PER CURIAM.

Plaintiff in error, hereinafter referred to as plaintiff, recovered a money judgment upon a jury verdict against defendant, for damages allegedly sustained as a result of an automobile accident. After defendant's motion for a new trial was overruled and within the time allowed by law to perfect an appeal to this Court, the trial court granted defendant a new trial by reason of the impossibility of making case made under the ninth subdivision of Title 12 O.S.1961, § 651. Plaintiff perfected this appeal and challenges the correctness of the trial court's order granting defendant a new trial by reason of impossibility to make case made.

In the trial court's Journal Entry of Judgment sustaining defendant's petition for a new trial, the trial court found:

"1. That on the 19th day of September 1961, following trial of said cause before a jury, verdict and judgment were rendered in favor of plaintiff and against defendant, Jerry Edwin Pruitt, for the sum of $25,000.00;

"2. That within the time provided by law said defendant filed a motion for new trial. That on October 27, 1961, said motion for New Trial was overruled. That within the time and in the manner prescribed by the statutes of the State of Oklahoma said defendant took steps to perfect an appeal to the Supreme Court of Oklahoma. That the attorney for said defendant ordered case-made to be prepared by the re-

porter, Vivian Kramer. That the time within which to file said appeal and the time within which to prepare and file case-made have been extended from time to time and as extended, such times have not yet expired;

"3. That Vivian Kramer was the official reporter for said trial. That counsel for neither side requested a record of voir dire examination, opening statements or closing arguments of counsel and that she did not record the same. That she recorded the evidence introduced in said proceedings in shorthand but that her notes of the same have been lost, and she is unable to make a transcript of the evidence and the rulings of the court in connection therewith. That she had prepared a record of all pleadings, stipulations, requested instructions of the plaintiff and the defendant and the instructions of the court together with all exhibits received in evidence by the court. That her missing notes pertain solely to the testimony of witnesses and that except for the testimony of witnesses, she can and has prepared an accurate and complete record of all proceedings;

"4. That counsel for the plaintiff has prepared in narrative form, a statement of all testimony of witnesses and evidence at the trial with the objections of counsel and rulings of the court in connection with its introduction. The court specifically finds such narrative statement is substantially accurate and complete and substantially shows all the evidence and all the objections made at the time of the trial by either counsel together with the rulings by the court in connection with such objections and the introduction of· evidence. That it appears that if defendant appealed by the incorporation of the narrative statement in the case-made, defendant would not be denied a hearing in the Supreme Court on a

substantially correct and truthful record of all the proceedings;

"5. That counsel for defendant states that a narrative statement cannot accurately present the missing testimony ·or show completely the rulings of the court in connection with its introduction. That counsel for the defendant has not prepared a narrative statement and has not and is unable to point out specifically any inaccuracies or omissions in the narrative account prepared by plaintiff. That counsel for defendant is unable to point out any testimony or evidence which he believes to be inadmissible or prejudicial to the defendant.

"The court concludes as a matter of law that when the defendant has shown that the notes of the reporter have been lost and the impossibility of the making of a case-made containing an exact transcript of the reporter's notes of the evidence and further states that he is unable to prepare a narrative statement of the evidence and the rulings of court in connection with its introduction and will not agree to the accuracy of the narrative statement prepared by opposing counsel, it is mandatory on the trial court to grant a new trial under the rules of law established by the Supreme Court of Oklahoma in the cases of:

Most Worshipful Prince Hall Grand Lodge, Free and Accepted Masons of State of Oklahoma v. Draper, [208 Okl. 5] 252 P.2d 434; City of Duncan v. Abrams, [171 Okl. 619] 43 P.2d 720,

and the trial court has no discretion in the matter to be exercised;"

Defendant contends the trial court properly granted defendant a new trial and to sustain this contention he states, "It is well established that the trial court has a wide discretion in granting or denying a new trial, and that such action by a trial court will not be disturbed upon appeal in the absence of a clear and convincing showing

that such action constituted error on an unmixed question of law, or that such action was arbitrary, capricious, error and abuse of discretion." In support of the above statement defendant cites Ogletree v. Marcus, Okl., 361 P.2d 689; Northwest National Bank v. Boecking Construction Company, Okl., 361 P.2d 686; Houston v. Pettigrew, Okl., 353 P.2d 489; and Most Worshipful Prince Hall Grand Lodge Free and Accepted Masons of State of Oklahoma v. Draper, 208 Okl. 5, 252 P.2d 434.

Plaintiff argues that it was not the mandatory duty of the trial court to grant a new trial under the circumstances presented and the trial court granted the new trial because it believed it was its mandatory duty, when, as a matter of law, the trial court should have exercised its discretion in granting or denying the petition for new trial.

The record discloses that on hearing the petition for new trial on impossiblilty of making case made, the attorney for defendant testified on direct examination that he had examined the narrative transcript prepared by plaintiff's counsel and stated that, "I do not believe it to be accurate or complete, particularly with reference to objections and rulings of the court on objections." He was asked if he could point out any inaccuracy in the narrative statement relating to the testimony or the objections made or rulings of the trial court. Counsel did not point out any inaccuracies, although he stated that he didn't think the statement disclosed objections to some of the testimony of the investigating officer and he thought he had made some objections to part of the testimony. Counsel for defendant also failed to point out any testimony in the narrative statement which incompetent, irrelevant, immaterial and inadmissible, although requested to do so, and did not attempt to add to or delete from the narrative statement any testimony, objections or rulings of the trial court.

Depositions were taken from all of the occupants in both cars involved in the accident, including the defendant. Defend-

ant's counsel was unable to point out any contradictions and inaccuracies between the depositions and the narrative statement and was not certain whether the depositions were ever used in an attempt to impeach any of the witnesses. Plaintiff's attorney stated that at no time were the depositions so used.

One of plaintiff's attorneys testified that he took notes of the testimony and objections; that the testimony was relatively short; that he had offered to strike from the narrative statement anything that defendant's attorney was of the opinion was inaccurate or to which he had objections and that plaintiff's attorney made no suggestions or objections.

At the hearing on the application to vacate the order granting a new trial it was shown that the court reporter had found her notes after the new trial had been granted. Introduced at the hearing was the following letter from the court reporter to plaintiff's attorney.

"After thoroughly comparing my notes in the above styled case with the narrative statement which you have prepared, I find that your narrative statement is true and correct and contains substantially all of the testimony that was given, and also, all of the objections of counsel and rulings of court."

In this Court's syllabus in Most Worshipful Prince Hall Grand Lodge et al. v. Draper, 208 Okl. 5, 252 P.2d 434, we held:

"Parties seeking new trial under 12 O.S. 1951, 651 (9th) must show they were unavoidably prevented, without fault on their part, from making case made, and statute contemplates exhausting all reasonable means which might have been employed to complete same. However, when reporter's notes covering all plaintiffs' oral testimony are lost and plaintiffs contend it is impossible to prepare a satisfactory narrative recital of the testimony, they are not required to accept the opposing parties' conception of the testimony as approved by the trial judge, and the

trial court acts beyond his discretion in overruling plaintiffs' petition for new trial based upon such ground."

In City of Duncan v. Abrams, 171 Okl. 619, 43 P.2d 720, we held the rule that a party seeking to appeal must exhaust every reasonable means to prepare a case made does not require that he accept as correct and complete his opponent's version of what occurred at the trial.

In Laffoon v. Kantor, Okl., 375 P.2d 961, we affirmed the trial court's action denying a petition for new trial in a case where the court reporter had died and for that reason it was impossible to transcribe his notes and evidence. In that case we pointed out that a transcript of a reporter's notes is not essential to the preparation of a case made, but that the same may be prepared in a narrative form; and that from the record it did not appear that plaintiff made any effort to complete a case made with detailed evidence either from the transcript that was typed, or in a narrative form. In that case we held:

"In order to obtain a new trial under the provisions of subdivision 9, section 651, 12 O.S. 1951, one must show he was unavoidably prevented without fault on his part, from making case-made and that he has exhausted all reasonable means which he might have employed to complete same."

See also Jones v. Duncan, 168 Okl. 598, 35 P.2d 451; R. & R. Motor Co., v. Kings, Inc., 169 Okl. 231, 36 P.2d 900; Gibson v. City of Chickasha, 171 Okl. 284, 43 P.2d 95; and Baumgart v. Bryant, 184 Okl. 531, 88 P.2d 635.

Quite understandably, a party seeking an appeal should not be required to accept as correct and complete his opponent's version of what occurred at the trial; but as heretofore pointed out, the trial court found the narrative statement prepared by plaintiff was substantially correct and a truthful record of the proceedings in the trial court. Therefore, the narrative statement submitted by plaintiff was not only plaintiff's version of what had transpired at the trial but the trial court determined that it was substantially correct and a truthful statement. The court reporter, after comparing her notes stated it was true and correct and contained substantially all of the testimony that was given and also, *all* of the objections of counsel and rulings of court.

An analysis of the cases involving the trial court's discretionary action in granting or denying a motion for new trial by reason of the impossibility of making case made rests upon the facts of the particular case. Although a party seeking an appeal should not be required to accept as correct and complete his opponent's version of what occurred at the trial; we can see no reason why a narrative statement prepared by opposing counsel should not be sufficient if it is apparent to the trial court that the issues are accurately and clearly drawn and such narrative statement is substantially correct and a truthful record of the proceedings in the trial court. Under such circumstances no harm results to either party by the use of the narrative statement in lieu of a reporter's transcript.

We can only conclude that where it is impossible to prepare a transcript of the proceedings from the reporter's notes or records and a narrative statement is submitted in lieu thereof, it is not the mandatory duty of the trial court to grant or deny a new trial but the trial court should exercise its sound legal discretion and in exercising such discretion it should determine whether the submitted narrative statement clearly delineates the evidence and the issues for review; and if the trial court finds that the narrative statement is of sufficient accuracy and completeness to enable the appellate court to properly review the proceedings, a new trial should not be granted; otherwise a new trial should be granted. Anything to the contrary contained in the case of Most Worshipful Prince Hall Grand Lodge, Free and Accepted Masons of State of Oklahoma v. Draper, 208 Okl. 5, 252 P.2d 434; and City of Duncan v.

Abrams, 171 Okl. 619, 43 P.2d 720, is repudiated.

In examining the journal entry of judgment we find the trial court specifically found it was mandatory on the trial court to grant a new trial and that it had "no discretion in the matter to be exercised". Therefore, we can only conclude that the trial court did not exercise its discretion in determining and adjudging that plaintiff was entitled to a new trial because of the impossibility of making and serving case made, but entered its judgment on an erroneous theory that it was its mandatory duty to grant defendant a new trial. Under these circumstances, the trial court erred on a pure, simple and unmixed question of law and the judgment of the trial court must be reversed.

It is therefore ordered that the trial court's order denying plaintiff's motion for a new trial, its judgment sustaining defendant's petition for new trial because of impossibility of making case made and setting aside the verdict of the jury and the judgment rendered thereon are vacated. It is further ordered that the trial court re-instate the verdict of the jury and the judgment rendered thereon, and defendant's petition for a new trial because of impossibility to make case made, as of the date the same were originally entered, and proceed with the cause as circumstances, under its discretion might dictate, in accordance with the views herein expressed.

Reversed and remanded with directions.

HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON and BERRY, JJ., concur.

BLACKBIRD, C. J., and IRWIN, J., concur in part; dissent in part.

IRWIN, Justice (concurring in part, dissenting in part).

I concur in that portion of the majority opinion which reverses the judgment of the trial court, but dissent to that portion of the opinion which remands the cause for further proceedings. In my judgment, we should direct the trial court to enter an order overruling defendant's petition for a new trial because of impossibility to make case made.

In addition to the facts set forth in the majority opinion, I find the transcript of the testimony prepared by plaintiff is relatively short, does not present a complicated set of facts, and clearly delineates the evidence and the issues for review. In examining the entire record in connection with the specifications of error set forth in defendant's motion for a new trial on the merits, I am of the opinion that this Court could fully and completely determine the alleged specifications of error on a substantially correct and accurate record of all the proceedings.

I am also of the opinion that when the findings of the trial court are considered in connection with the entire record, that if the trial court had exercised its discretion in determining whether defendant was entitled to a new trial because of the impossibility of making case made, and had granted the new trial, such action would have been an abuse of discretion, arbitrary and capricious. Under these circumstances, this Court should render the kind of judgment the trial court should have rendered.

I therefore respectfully dissent to that portion of the opinion which remands the cause for further proceedings.

I am authorized to state that Mr. Chief Justice BLACKBIRD concurs in the views herein expressed.